UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| A.G.,<br><br>    Plaintiff,<br><br>    v.<br><br>NORTHBROOK INDUSTRIES, INC., D/B/A UNITED INN AND SUITES,<br><br>    Defendant. | CIVIL ACTION NO.<br>1:20-CV-05231-JPB |

## ORDER

This matter is before the Court on Northbrook Industries, Inc. d/b/a United Inn and Suites' ("Defendant") Motion to Dismiss Complaint and alternatively, Motion to Strike Portions of Complaint [Doc. 13]. This Court finds as follows:

### BACKGROUND

A.G. ("Plaintiff") alleges that in June 2017, when she was a minor, she and another child were sex trafficked at the United Inn, a hotel owned, operated, maintained, controlled and managed by Defendant. [Doc. 1, p. 5, 9]. Plaintiff contends that during her stay at the United Inn, she exhibited numerous well-known and visible signs common to minor sex trafficking victims, including her age and inappropriate appearance, physical deterioration, poor hygiene, fatigue,

sleep deprivation, injuries, a failure to make eye contact with others, loitering and soliciting male patrons. Id. at 10.

According to Plaintiff, at least fifteen men visited her hotel room—which was close to and within view of the hotel lobby and front desk—to purchase sex with her. Id. at 10-12. On two occasions, five adult men purchased commercial sex with Plaintiff and the other minor. Id. at 11. These five men had sex with both minor victims simultaneously. Id. Afterwards, disturbances involving the men occurred in a common area of the United Inn. Id.

In addition to allegations that Defendant's employees would have observed Plaintiff and the other minor victim in and around the United Inn, Plaintiff contends that she had direct contact with employees of the United Inn on at least two occasions. On one occasion, an employee sold a box of condoms to Plaintiff and the other minor. Id. at 12-13. On another occasion, Plaintiff and the other minor were locked out of their room and went to the front desk for assistance. Id. at 13. The employee at the front desk called Plaintiff's trafficker, and upon obtaining permission from the trafficker to let the girls back in the hotel room, the front desk employee walked the girls back and let them in the room. Id.

Plaintiff alleges that she was not the first victim trafficked by her trafficker at the United Inn. Id. at 14. Indeed, Plaintiff contends that her trafficker had

previously rented rooms at the United Inn for trafficking purposes.  Id.  Moreover, Plaintiff asserts that Defendant's employees acted as lookouts for Plaintiff's trafficker and informed the trafficker of police activity at the hotel.  Id. at 15.  Ultimately, Plaintiff alleges that Defendant, who received revenue from room rentals, knew or should have known that she was a victim of sex trafficking based on her appearance, her behavior and the number of men coming and going from her hotel room.  Id. at 14.

On December 28, 2020, Plaintiff filed this suit against Defendant alleging the following causes of action:  (1) violation of the Trafficking Victims Protection Reauthorization Act ("TVPRA"); and (2) common law negligence.  Defendant filed the instant motion seeking dismissal of the claims on February 12, 2021.  [Doc. 13].  Consideration of the motion was deferred, however, while the Eleventh Circuit Court of Appeals considered a case with similar allegations, Doe #1 v. Red Roof Inns, Inc., 21 F.4th 714 (11th Cir. 2021).  [Doc. 30].  On December 22, 2021, the Eleventh Circuit issued its decision.  The parties then presented supplemental briefs to the Court.  [Docs. 34 and 36].  The motion is now ripe for review.

## LEGAL STANDARD

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court "accept[s] the allegations in the complaint as true and

constru[es] them in the light most favorable to the plaintiff." <u>Traylor v. P'ship Title Co.</u>, 491 F. App'x 988, 989 (11th Cir. 2012).  Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although detailed factual allegations are not necessarily required, the pleading must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  A complaint is insufficient if it only tenders naked assertions devoid of further factual enhancement.  <u>Id.</u>  Importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Id.</u> (citation omitted).  At bottom, the complaint must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation," <u>id.</u>, and must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Traylor</u>, 491 F. App'x at 990 (quoting <u>Iqbal</u>, 556 U.S. at 678).  While all well-pleaded facts must be accepted as true and construed in the light most favorable to the plaintiff, <u>Powell v. Thomas</u>, 643 F.3d 1300, 1302 (11th Cir. 2011), a court need not accept as true the plaintiff's legal conclusions, including those couched as factual allegations, <u>Iqbal</u>, 556 U.S. at 678.

Accordingly, evaluation of a motion to dismiss requires two steps: (1) a court must eliminate any allegations in the pleading that are merely legal conclusions, and (2) where there are remaining well-pleaded factual allegations, a court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

## DISCUSSION

In its motion, Defendant contends that Plaintiff's TVPRA and negligence claims should be dismissed. Defendant alternatively argues that the Court should strike certain "salacious and impertinent" allegations contained in the Complaint.

### 1. **TVPRA**

The TVPRA offers a civil remedy to victims of certain types of human trafficking. The civil remedy portion of the TVPRA provides that a trafficking victim may bring a civil suit against a sex-trafficking perpetrator or "whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of [the TVPRA]." 18 U.S.C. § 1595(a). In this case, Plaintiff is not suing the perpetrator, but rather Defendant, who she claims knowingly benefited from the sex trafficking. To state a claim for beneficiary liability under the TVPRA, a plaintiff must plausibly allege that the defendant:

5

> (1) knowingly benefited, (2) from taking part in a common undertaking or enterprise involving risk and potential profit, (3) that undertaking or enterprise violated the TVPRA as to the plaintiff, and (4) the defendant had constructive or actual knowledge that the undertaking or enterprise violated the TVPRA as to the plaintiff.

Red Roof Inns, 21 F.4th at 726.

As to the first element, a plaintiff must allege that the defendant "knew it was receiving some value from participating in the alleged venture." Id. at 724. In this case, Plaintiff alleges that Defendant rented the room to Plaintiff's trafficker and received revenue from the room rental. This Court finds that the revenue from the room rental constitutes a financial benefit sufficient to meet the "knowingly benefited" standard. See S.Y. v. Best W. Int'l, Inc., No. 2:20-cv-616, 2021 WL 2315073, at *4 (M.D. Fla. June 7, 2021); see also A.B. v. H.K. Grp. of Co., No. 1:21-cv-1344, 2022 WL 467786, at *4 (N.D. Ga. Feb. 9, 2022) (holding that the money received from room rentals constitutes a benefit, knowingly received).

The second element requires a plaintiff to allege that a defendant participated in a venture. As to this element, the Eleventh Circuit has made clear that the definition of "participation in a venture" is not the same as that found in the criminal provisions of § 1591(e)(4).[1] Red Roof Inns, 21 F.4th at 724. Instead,

---

[1] Under the criminal provisions, "participation in a venture" is defined as "knowingly assisting, supporting, or facilitating a violation of subsection(a)(1)," which criminalizes commercial sex acts of minors. Red Roof Inns, 21 F.4th at 724.

in the civil context, "participation in a venture" merely requires that a plaintiff allege that the defendant took part in a common undertaking or enterprise involving risk and potential profit. Id. at 725.

In this case, Plaintiff has made the "kinds of allegations [that] would establish a hotel operator's participation in a venture with a sex trafficker." Id. at 726.[2] Here, Plaintiff's allegations are sufficient because she alleges that Defendant had rented a room to her trafficker in the past for the purpose of sex trafficking and that Defendant knew or should have known that the trafficker was presently engaged in sex trafficking with Plaintiff. Plaintiff's Complaint adequately sets forth the reasons why Defendant should have been on notice of the sex trafficking and how it failed to prevent it. Moreover, Plaintiff contends that Defendant's employees acted as lookouts for Plaintiff's traffickers. At bottom, the allegations are sufficient to allege participation in a venture. See Best W. Int'l, 2021 WL

---

[2] In Red Roof Inns, 21 F.4th at 725, the Eleventh Circuit approved of the disposition in Ricchio v. McLean, 853 F.3d 553 (1st Cir. 2017). In Ricchio, a plaintiff's claims were allowed to proceed against the operators of a hotel where she was held hostage and sexually abused because the hotel operators and the trafficker had prior commercial dealings, which the parties wished to resume for profit. 853 F.3d at 555. After considering these prior dealings, the First Circuit Court of Appeals determined that the plaintiff plausibly alleged that—by renting a room to the trafficker—the hotel operators were "associating with him in an effort to force [the plaintiff] to serve their business objective." Id. Notably, the Eleventh Circuit stated that "[w]e agree that these kinds of allegations would establish a hotel operator's participation in a venture with a sex trafficker." Red Roof Inns, 21 F.4th at 726.

2315073, at *4 (holding that it was sufficient for a plaintiff to plead that the defendants participated in a venture by renting rooms to people it knew or should have known were engaged in sex trafficking).

As to the third element, a plaintiff must allege "that the venture . . . violated the TVPRA as to the plaintiff." Red Roof Inns, 21 F.4th at 725.  The TVPRA criminalizes various acts of human trafficking.  In this case, Plaintiff specifically alleges that she was trafficked in violation of § 1591(a), which makes it a crime to cause a person who has not yet attained the age of eighteen years to engage in a commercial sex act.  Consequently, as to this element, Plaintiff must therefore plead sufficient facts to plausibly allege that the venture in which Defendant participated committed a crime against her.

Defendant argues that this element is not satisfied because Plaintiff did not allege that Defendant knew or acted in reckless disregard of the fact that she had not yet attained the age of eighteen years.  Defendant misstates the standard.  The Eleventh Circuit has determined that showing knowledge or reckless disregard for a victim's age is not necessary to establish a violation of § 1591(a).  In fact, the Eleventh Circuit has held that in a prosecution under § 1591(a), the Government need not prove that the defendant knew or recklessly disregarded the fact that the person had not attained the age of eighteen years if the defendant "had a reasonable

8

opportunity to observe the victim." United States v. Whyte, 928 F.3d 1317, 1328 (11th Cir. 2019).

This Court finds that Plaintiff's allegations are more than sufficient to show that the venture violated the TVPRA as to Plaintiff. Here, Plaintiff alleges that she was a minor when she was caused to engage in commercial sex acts with as many as fifteen men. She further alleges that Defendant had ample opportunity to observe her in common areas of the hotel and through her interactions with hotel staff, including the time that Plaintiff spoke to front desk employees when she was locked out of the room and when she purchased condoms. Contrary to Defendant's contention, Plaintiff need not allege that Defendant knew or recklessly disregarded the fact that she was under eighteen years old. It is enough that Plaintiff allege that Defendant had a reasonable opportunity to observe her.

Finally, as to the last element, the allegations must show that a defendant had actual or constructive knowledge that the venture violated the TVPRA as to the plaintiff. Red Roof Inns, 21 F.4th at 725. Knowledge is defined as "an awareness or understanding of a fact or circumstance." Id. Conversely, constructive knowledge "is that knowledge which 'one using reasonable care or diligence should have.'" Id.

The Court finds that Plaintiff has adequately alleged that Defendant had actual or constructive knowledge of Plaintiff's sex trafficking at the hotel. In Plaintiff's Complaint, she alleges that Defendant knew or should have known about the sex trafficking venture based on the following: Plaintiff's age and inappropriate appearance, her physical deterioration and poor hygiene, her fatigue and sleep deprivation, her injuries, her failure to make eye contact with others, her loitering, her solicitation of male patrons, the amount of men visiting her room, the disturbances caused by the men visiting Plaintiff's room and Plaintiff's purchase of condoms. Importantly, Plaintiff alleges that her trafficker had previously trafficked victims at Defendant's hotel and some of Defendant's employees acted as lookouts. Courts considering similar allegations have found the allegations sufficient to infer that a defendant knew or should have known of the sex trafficking venture, and the Court finds these allegations sufficient as well. S.Y. v. Naples Hotel Co., 476 F. Supp. 3d 1251, 1257 (M.D. Fla. 2020) (collecting cases).

As explained in the preceding paragraphs, Plaintiff has sufficiently alleged facts to support each element of her TVPRA claim. As such, to the extent Defendant seeks dismissal of the TVPRA claim, Defendant's motion is **DENIED**.

### 2. <u>Negligence</u>

####   a. <u>Intentional Conduct of Employees</u>

Defendant argues that Plaintiff's negligence claim is subject to dismissal because "United Inn cannot be vicariously liable for the intentional misconduct of unidentified front desk workers or housekeeping staff not within the scope of and in furtherance of United Inn's business." [Doc. 13-1, p. 17]. Plaintiff's negligence claim, however, is not based on the intentional misconduct of unidentified front desk workers or housekeeping staff. Indeed, Plaintiff never asserts that Defendant is liable for the crimes or intentional torts of its employees. Accordingly, to the extent Defendant seeks dismissal of Plaintiff's negligence claim on this basis, Defendant's motion is **DENIED**.

####   b. <u>Statute of Limitations</u>

Defendant additionally argues that Plaintiff's negligence claim is barred by the statute of limitations. Because a statute of limitations bar is an affirmative defense, a plaintiff is not required to negate it in the complaint. <u>Roberts v. Carnival Corp.</u>, 824 F. App'x 825, 827 (11th Cir. 2020). As a result, "a Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is 'apparent from the face of the complaint' that the complaint is time-barred." <u>La

Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) (quoting Omar v. Lindsey, 334 F.3d 1246, 1251 (11th Cir. 2003)).

In Georgia, there is a two-year statute of limitations for personal injury actions. O.C.G.A. § 9-3-33. Here, Plaintiff alleged that she was trafficked in June 2017. Pursuant to the statute of limitations, Plaintiff's negligence claim should have been filed no later than June 2019. This action was not filed, however, until December 28, 2020—more than one year after the expiration of the statute of limitations. Therefore, Plaintiff's negligence claim is barred unless there is some basis for the statute of limitations to be tolled. Plaintiff argues O.C.G.A. § 9-3-99 operates to toll the statute of limitations in this case. The Court agrees.

Under Georgia law, the statute of limitations in a civil action may be tolled for actions brought by victims of a crime. O.C.G.A. § 9-3-99 provides in relevant part that:

> [t]he running of the period of limitations with respect to any cause of action in tort that may be brought by the victim of an alleged crime which arises out of the facts and circumstances relating to the commission of such alleged crime committed in this state shall be tolled from the date of the commission of the alleged crime or the act giving rise to such action in tort until the prosecution of such crime or act has become final or otherwise terminated, provided that such time does not exceed six years.

The Court of Appeals of Georgia has held that this statute "contemplates extending the time in which a victim may file a tort action where there are pending criminal

charges arising out of the same facts or circumstances." Williams v. Durden, 819 S.E.2d 524, 525 (Ga. Ct. App. 2018). In fact, "the statute applies to any cause of action in tort, without limitation, so long as that cause of action is brought by the crime victim and 'arises out of the facts and circumstances relating to the commission of such alleged crime.'" Harrison v. McAfee, 788 S.E.2d 872, 876 (Ga. Ct. App. 2016). Under this statute, the limitations period is tolled until the prosecution of the crime is no longer pending. Williams, 819 S.E.2d at 524.

As stated previously, dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the complaint is time-barred. That standard is not met here. In this case, Plaintiff alleges that in 2017, she was the victim of a crime (sex trafficking). This lawsuit, which sounds in tort, arises out of the same facts and circumstances relating to the commission of the alleged crime. Thus, the limitations period is tolled until the prosecution of Plaintiff's trafficker is no longer pending. Plaintiff's Complaint shows that her trafficker entered a guilty plea on November 6, 2020.[3] Because Plaintiff alleged that she was the victim of a crime and Georgia law requires tolling of the statute of limitations until the prosecution of the crime is no longer pending, the Court finds that the statute of limitations was tolled until April 6, 2021—after Plaintiff filed

---

[3] Court records show that the trafficker was sentenced on April 1, 2021. United States v. Obie, No. 1:18-cr-00424 (N.D. Ga. Apr. 6, 2021).

this action. Accordingly, since it is not apparent from the face of the Complaint that the claim is time-barred, dismissal based upon the statute of limitations is not appropriate. Therefore, to the extent Defendant seeks dismissal on this ground, Defendant's motion is **DENIED**.

### 3. Motion to Strike

Defendant alternatively asks this Court to strike the "salacious and impertinent" details of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(f). Under Rule 12(f), a party may move to strike "any redundant, immaterial, impertinent, or scandalous matter" within the pleadings. "The purposes of a motion to strike is to 'clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters.'" Hutchings v. Fed. Ins. Co., No. 6:08-cv-305, 2008 WL 4186994, at *2 (M.D. Fla. Sept. 8, 2008) (quoting McInerney v. Moyer Lumber & Hardware, Inc., 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002)). Significantly, "a motion to strike is a drastic remedy and is disfavored by the courts." Naples Hotel Co., 476 F. Supp. 3d. at 1259. Thus, a motion to strike should be granted "only if 'the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party.'" Id. (quoting Schmidt v. Life Ins. Co. of N. Am., 289 F.R.D. 357, 358 (M.D. Fla. 2012)).

In this case, Defendant contends that the Court should strike from Plaintiff's Complaint paragraphs 11, 42 through 48, 51 through 64, 66 through 70 and 86 through 89. According to Defendant, these paragraphs contain dramatic allegations of the sex industry as a whole that have no bearing on this case. The Court disagrees. As to paragraphs 11 and 42 through 48, these allegations pertain to crime occurring at the United Inn—not to crime occurring at hotels generally. As a result, the Court finds that these allegations are relevant and should not be stricken. As to the remainder of the allegations, they pertain to Defendant's knowledge of the prevalence of sex trafficking and the failure to prevent it. These allegations are therefore relevant to Plaintiff's claims. See Naples Hotel, 476 F. Supp. 3d at 1259 n.5 (finding that "the allegations regarding the defendants' knowledge of the prevalence of sex trafficking and the failure to prevent it are relevant to the plaintiffs' claims"). Ultimately, the Court finds that "[a]llegations regarding [Defendant's] knowledge of the prevalence of sex trafficking at hotels in general and at [its] hotel in particular, and the failure to prevent it, are relevant to the types of claims [Plaintiff] asserts." C.S. v. Wyndham Hotels & Resorts, Inc., 538 F. Supp. 3d 1284, 1294 (M.D. Fla. 2021). Because the drastic remedy of striking the allegations is not justified here, Defendant's motion is **DENIED**.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss Complaint and alternatively, Motion to Strike Portions of Complaint [Doc. 13] is **DENIED**. The parties are reminded that they have six months to complete discovery, which shall commence thirty days after Defendant files it answer.

**SO ORDERED** this 24th day of May, 2022.

_____
J. P. BOULEE
United States District Judge