## AFFIDAVIT OF DAVID H. BOUCHARD

I, David H. Bouchard, swear that the information set forth in the following paragraphs is true and correct:

1. My name is David H. Bouchard.  I am a member in good standing of the Georgia Bar. My bar number is 712859.

2. I am a partner at Finch McCranie, LLP, located at 229 Peachtree St. NE, Suite 2500, Atlanta, GA 30030.  Before joining Finch McCranie, LLP, I worked as a lawyer at Jones Day for eight years.

3. I am lead counsel for Plaintiff in the matter *AG v. Northbrook Industries Inc., d/b/a United Inn and Suites*, No. 1:20-cv-05231-JPB, and in the matter *GW v. Northbrook Industries Inc., d/b/a United Inn and Suites*, No. 1:20-cv-05232-JPB.

4. On December 13, 2023, Plaintiffs A.G. and G.W. filed a Motion for Sanctions and Memorandum in Support in their respective cases.  Exhibit 32 to the same filings is a chart entitled, "Plaintiffs' Attorneys' Fees Resulting from Defendant's Discovery Negligence."

5. I prepared the chart set forth in Exhibit 32.  It is a true and correct statement of the time I devoted to addressing and litigating Defendant's discovery negligence up to and including the filing of Plaintiff's Motion for Sanctions and Memorandum in Support in the *A.G.* and *G.W.* matters.

6. Exhibit 32 does <u>not</u> reflect the time I spent preparing and filing a Reply in Support of Plaintiff's Motion for Sanctions, or the time I spent preparing and participating in a hearing on Plaintiff's Motion for Sanctions on August 6, 2024.

7. During a hearing on August 6, 2024 on the request for sanctions, the Court authorized Plaintiff's counsel to submit an updated chart.

8. I have prepared the attached, "Plaintiffs' Attorneys' Fees Resulting from Defendant's Discovery Negligence as of August 13, 2024."  The updated chart includes the time I spent preparing and filing a Reply in Support of Plaintiff's Motion for Sanctions and preparing and participating in a hearing on Plaintiff's Motion for Sanctions on August 6, 2024.

9. I am lead counsel in a related case against United Inn & Suites (*J.G. v. United Inn*, Case No. 1:20-cv-05233-SEG).  That case involves a substantially similar discovery dispute, and Plaintiff in that case has filed a Motion for Sanctions, too.

10. Some of the work set forth in the attached chart was required to address Defendant's discovery negligence in the *J.G.* matter and in the related *A.G.* and *G.W.* matters. To avoid recovering attorneys' fees for the same work multiple times, I have identified certain tasks that applied to all three cases and divided by 1/3, as indicated in the attached chart. Where work was performed for the *A.G.* and *G.W.* matters only, I divided my time in two.

11. The hourly rate reflected in the attached chart is $650. I have charged a range of rates in my career as a lawyer at Jones Day and at Finch McCranie, LLP through working on a variety of matters, including business litigation, tort litigation, and federal criminal litigation. Considering the range of rates I have charged on those matters, as well as the market rates for a lawyer with my experience, the $650 rate in the chart is a modest and reasonable rate. I have worked on and am currently working on other matters where my rate is materially higher.

12. The attached chart does <u>not</u> account for significant time devoted by another Firm lawyer and a Firm administrative support person to addressing and litigating Defendant's discovery negligence.

13. The fees set forth in the attached chart are reasonable and they fairly and accurately reflect the time I spent working to address and litigate Defendant's discovery negligence up to and including the August 6, 2024 hearing on Plaintiff's Motion for Sanctions and Memorandum in Support.

14. I also prepared the attached chart entitled, "Plaintiff's Expenses Resulting from Defendant's Discovery Negligence." The expenses set forth in that chart are true and correct, after being divided by 1/3 for the reasons explained above. Further, the expenses are reasonable because they reflect the costs incurred after re-hiring a court reporter and a videographer as a result of Defendant's discovery negligence.

[signature and notary seal on next page]

FURTHER AFFIANT SAYETH NOT:

_____
David H. Bouchard

Sworn and signed before me
This _13th_ day of ___, 2024
August

_____
Notary Public

(affix seal)

L Melissa Millen
NOTARY PUBLIC
DeKalb County, GEORGIA
My Commission Expires 10/19/2027