IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| A.G., | * | |
| | * | Civil Action No. |
| Plaintiffs, | * | 1:20-cv-05231-JPB |
| v. | * | |
| | * | |
| NORTHBROOK INDUSTRIES, | * | |
| INC., d/b/a UNITED INN AND | * | |
| SUITES, | * | |
| | * | |
| | * | |
| Defendants. | | |

**DEFENDANT NORTHBROOK INDUSTRIES, INC., d/b/a UNITED INN AND SUITES' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER**

COMES NOW Defendant Northbrook Industries, Inc., d/b/a United Inn and Suites ("United"), and files this Response in Opposition to Plaintiff's Motion to Reconsider (Plaintiff's "Motion"), showing this Honorable Court as follows:

**INTRODUCTION**

This is a TVPRA beneficiary liability action in which Plaintiff A.G. ("Plaintiff") alleges she was sex trafficked at United's hotel located at 4649 Memorial Drive, Decatur, Georgia 30032 (the "Property"). This Court issued an ORDER granting United's Motion for Summary Judgment on June 14, 2024 (the "Order"). In its Order, this Court ruled that (1) Plaintiff failed to establish that United "participated in a venture" as contemplated by the TVPRA and (2) Plaintiff failed to

149630837.1

establish that she was United's invitee. *See* Doc. 151. The Court granted United's Motion for Summary Judgment and dismissed Plaintiff's TVPRA and negligence claims these bases. *Id.*

Plaintiff now asks this Court overturn its Order, arguing that (1) this Court clearly erred in finding that the lack of evidence demonstrating that United made any effort to aid her traffickers' illicit scheme authorized a finding that United had not "participated in a venture" under the TVPRA; (2) *K.H. v. Riti, Inc.*, No. 23-11682, 2024 U.S. App. LEXIS 3127, (11th Cir. Feb. 9, 2024) ("*Riti*") was wrongly decided and this Court's reliance on its holding—and the related district court order—constitutes clear error; and (3) factual issues exist as to whether Plaintiff was an invitee and the Court's conclusion that Plaintiff was a licensee constitutes clear error. *See* Doc. 154. However, none of these arguments justify reversal of this Court's findings.

First, this Court properly applied binding Eleventh Circuit authority in concluding that Plaintiff failed to satisfy the "participation in a venture" prong of the TVPRA analysis. Despite Plaintiff's claims to the contrary, the TVPRA's text—as interpreted by the Eleventh Circuit—required her to demonstrate that United associated itself with Plaintiff's traffickers to constitute the level of participation required to establish beneficiary liability against United. Plaintiff cannot point to any

2

such evidence. As such, the Court's findings on this issue are well-founded and it did not err in dismissing Plaintiff's TVPRA claim.

Second, *Riti* properly applies Eleventh Circuit authority on the participation in a venture prong of the TVPRA analysis and this Court rightfully relied on its reasoning in issuing its Order. Keeping with Eleventh Circuit authority on this issue, *Riti* stands for the proposition that a plaintiff seeking to impose beneficiary liability must demonstrate that the defendant participated in a common venture with the trafficker to survive summary judgment. As such, this Court's reliance on *Riti* is proper and does not constitute clear error.

Finally, this Court properly found that Plaintiff was not United's invitee. The Court's application of the mutuality of interest test is sound and wholly consistent with Georgia law on this issue. Therefore, this Court did not err in finding that Plaintiff was a licensee and United was under no duty to protect her from her traffickers under Georgia law.

For these reasons, set forth more fully below, United respectfully requests that this Court issue an ORDER denying Plaintiff's Motion for Reconsideration.

## **LEGAL STANDARD**

Motions for reconsideration are not to be filed as a matter of course, but only when absolutely necessary. *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1258 (N.D. Ga. 2003). A party may move for reconsideration only when at least one of the following

three elements exists: (1) the discovery of new evidence, (2) an intervening development or change in the controlling law, or (3) the need to correct a clear error or manifest injustice. *Pediatric Med. Devices, Inc. v. Indiana Mills & Mfg., Inc.*, 961 F. Supp. 2d 1241, 1243 (N.D. Ga. 2013). Further, a party is not permitted to employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the court will change its mind. *Pediatric Med. Devices, Inc.*, 961 F. Supp at 1243.

## ARGUMENT

**I.     This Court properly found that Plaintiff's failure to demonstrate that United participated in a venture with Plaintiff's traffickers entitled United to summary judgment on Plaintiff's TVPRA claim.**

Plaintiff contends the Court erred in dismissing her TVPRA claim because the "ruling contravenes the text of the TVPRA on civil-beneficiary claims, disregards binding Eleventh Circuit precedent, and ignores that circumstantial evidence that must be viewed in the light most favorable to Plaintiff." Doc. 154 at 2. Specifically, Plaintiff claims "to prove United's 'participation in a venture' for her civil-beneficiary claim, Plaintiff need only have evidence from which a reasonable jury could find that United took part in running the hotel it owned and operated and rented rooms for profit." *Id.* at 3.

4

As noted by the Court, "to participate in a venture under Section 1595(a), a defendant must take part in a common undertaking involving risk or profit." Doc. 151 at 7; citing *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 727 (11th Cir. 2021). In applying this standard, this Court correctly held that it was Plaintiff's burden to "show at least some connection between United's and her traffickers' actions" and that "United took steps to advance the object of that relationship." Doc. 151 at 11. Yet, Plaintiff offered no such evidence. Accordingly, the Court's dismissal of Plaintiff's TVPRA civil-beneficiary claim was proper.

    **A.**    **The Court's analysis of "participation in a venture" did not contradict the applicable statutory or decisional authority.**

Plaintiff argues the Court's ruling that Plaintiff did not satisfy the "participation in a venture" element of her TVPRA civil-beneficiary claim under 18 U.S.C. § 1595 was "manifestly wrong." Doc. 154 at 3. A plaintiff asserting TVPRA beneficiary liability must establish that the defendant knew it was receiving some value from participating in the alleged venture. *Doe #1*, 21 F. 4th at 724. Further, the Eleventh Circuit concluded the phrase "participation in a venture" "requires that the [Plaintiff] allege that the [Defendant] took part in a common undertaking or enterprise involving risk and potential profit." *Id.* at 725. The Eleventh Circuit's definition of "participation in a venture" necessarily implies an association between the traffickers and a beneficiary by using the phrase "*common* undertaking or enterprise." *Id.* (emphasis added). In this context, the Eleventh Circuit undoubtedly

meant for "common" to mean "belonging to or shared by two or more individuals or things or by all members of a group." *See Common*, MERRIAM-WEBSTER DICTIONARY (11th ed. 2003). As such, the Eleventh Circuit's formulation of the TVPRA beneficiary liability analysis requires that the beneficiary engage in an undertaking with the trafficker(s). In arguing otherwise, Plaintiff claims that *Doe #1*'s holding is specifically cabined to cases in which the alleged venture is, in fact, a sex trafficking venture. Doc. 154 at 3-4. This argument, however, fails to recognize that regardless of the nature of the alleged venture in *Doe #1*, its holding still requires a common undertaking between the trafficker and beneficiary. Here, there is no evidence that United shared a common undertaking with Plaintiff's traffickers.

Plaintiff argues "[b]y renting rooms to Plaintiff's traffickers for money, United engaged in a business deal with Plaintiff's traffickers – providing them a room for 'profit' with a level of 'risk.'" Doc. 154 at 4. She argues further that this satisfies the "participation in a venture" element. *Id.* Yet, the Eleventh Circuit noted a Defendant financially benefitting "from renting hotel rooms to the [plaintiff(s)] sex traffickers" does "nothing to show that the [defendant(s)] participated in a common undertaking involving risk or profit that violated the TVPRA." *Doe # 1*, 21 F. 4th at 726-27. And while Plaintiff fixates her argument on the nature of the alleged venture, *Doe #1*'s holding turned on the lack of a common undertaking. *Id.* In other words, profiting from room rentals was insufficient to establish that a common undertaking

6

existed between the traffickers and alleged beneficiaries. As noted by the Court, United only "took actions that would be expected to further the interest of a hotel enterprise . . . include[ing] renting rooms, collecting payment for the rooms and providing additional towels to guests upon request." Doc. 151 at 14. Plaintiff's traffickers did not aid United in operating its hotel. United independently operated a lawful business that the traffickers exploited for their illicit personal gain. There is no evidence that United involved itself in the traffickers' affairs. As this Court aptly noted, Plaintiff's desired interpretation of the TVPRA would automatically establish the participation prong of any beneficiary liability action involving any business. Doc. 151 at 16. Clearly, that is not what the Eleventh Circuit intended.

Alternatively, Plaintiff contends that United did in fact participate in her trafficking because "United knew or should have known that it rented rooms for a fee in which Plaintiff was trafficked as a minor." Doc. 154 at 4-5. However, this assertion conflates the participation prong and actual or constructive knowledge prong of the beneficiary liability analysis. This Court granted summary judgment based on a lack of evidence to substantiate the participation prong of Plaintiff's claim. As such, it did not reach the issue of actual or constructive knowledge. These are distinct inquiries. The overwhelming majority of the evidence Plaintiff references to support the claim that United participated in her trafficking relates exclusively to whether United had constructive knowledge of her trafficking. Doc.

154 at 5-6. Such evidence is irrelevant to the participation prong. Furthermore, Plaintiff's belief that her traffickers talked with United staff daily is inadmissible speculation or hearsay. Plaintiff admits that she was not present for these conversations and otherwise has no understanding of whether the traffickers were actually interacting with United's staff, much less what the substance of these discussions were. As such, even if this Court were to infer that the traffickers were speaking to United's staff, there is no evidence that the subject matter of any such discussions went outside the bounds of typical conversations a guest might have with hotel staff.[1]

Next, Plaintiff argues the Court "conflate[d] civil-perpetrator and civil-beneficiary claims." Doc. 154 at 7. As demonstrated above, however, this Court's ruling turned on the fact that United did not participate in *any* common undertaking with Plaintiff's traffickers, not just that it did not aid in the trafficking venture. Therefore, this Court's ruling does not conflate perpetrator and beneficiary claims.

### i. The Court did not misapply *Doe #1*.

Next, Plaintiff argues the Eleventh Circuit made clear in *Doe #1* "that a plaintiff does not have to 'prove that the defendant knowingly facilitated a violation' of the TVPRA to establish 'participation in a venture' because that would make the

---

[1] United also notes that Plaintiff's reliance on evidence derived from the J.G. matter does not constitute evidence that United participated in Plaintiff's trafficking. Doc. 154 at 7. By Plaintiff's own admission, the activity J.G. allegedly witnessed occurred long after Plaintiff's trafficking. *Id.*

8

'should have known' language in [18 U.S.C. § 1595(a)] 'superfluous.'" Doc. 154 at 9-10. As such, Plaintiff claims a "TVPRA victim has the right to recover from a defendant that unknowingly facilitates a violation, if the defendant should have – but did not – know about it." *Id.* at 10. Again, Plaintiff's argument "boil[s] down to a contention that United financially benefitted from renting to rooms to Plaintiff's traffickers and that it had knowledge of and turned a blind eye to sex trafficking at the property." Doc. 151 at 13. But as the Eleventh Circuit made clear, "observing something is not the same as participating in it." *Doe # 1*, 21 F. 4th at 727. As stated above, renting rooms to traffickers does not constitute a common undertaking between the hotelier and the trafficker. *Doe #1* turned on the lack of any common undertaking irrespective of the nature of the alleged venture. This Court dismissed Plaintiff's TVPRA claim—applying *Doe #1*—because she failed to establish that United shared any common undertaking with her traffickers. Accordingly, this Court did not misapply the holding of *Doe # 1*.

> **ii.   The Court did not misunderstand the relevance of Ricchio to Doe #1.**

Plaintiff further claims the Court "[failed] to understand the relevance of *Ricchio* to *Doe #1* . . . [and] committed manifest error." Doc. 154 at 11-12. Plaintiff argues that the Eleventh Circuit does not require a "sex trafficking venture" in a civil beneficiary claim under the TVPRA. *Id.* at 11-12. Again, this Court relied upon *Doe #1* for the proposition that a beneficiary liability Plaintiff must establish a common

9

undertaking between the beneficiary and the trafficker. While it may be true that the undertaking does not have to be a sex trafficking venture, it must be common between the beneficiary and trafficker. This Court dismissed Plaintiff's TVPRA claim because she failed to demonstrate that her traffickers and United shared a common undertaking. Accordingly, Plaintiff's contention that the Court misunderstood the relevance of *Ricchio* to *Doe #1* is misplaced and irrelevant.

### iii. The Court did not err in treating *Riti* as persuasive authority.

Plaintiff claims the Court erred in relying on *Riti* "because it misreads *Doe #1*." Particularly, Plaintiff contends "*Riti* fails to recognize that the plaintiffs in *Doe #1* pleaded that the hotel franchisors participated in 'sex trafficking ventures' . . . the Eleventh Circuit was clear . . . the common undertaking" in a TVPRA civil claim "need not be a sex trafficking venture." Doc. 154 at 13.

"The Eleventh Circuit clarified the meaning of 'participation in a venture' language from the TVPRA as 'taking part in a common undertaking or enterprise involving risk and potential profit' between the beneficiary and the trafficker." *Riti*, No. 1:22-CV-3404-MHC, 2023 WL 3644224, at *3; *citing Doe # 1*, 21 F. 4th at 724-25. "[T]o allege a violation of the TVPRA, [a plaintiff] has to sufficiently allege that [defendant] . . . engaged in a common undertaking with [the sex trafficker]." *Riti*, No. 1:22-CV-3404-MHC, 2023 WL 3644224, at *3. This is commonly shown through a direct association between a defendant and the sex trafficker. *Id.*; *see also*

10

*J.G. v. Northbrook Indus., Inc.*, 619 F. Supp. 3d 1228, 1236 (N.D. Ga. 2022) (denying a defendant's motion to dismiss a plaintiff's TVPRA claim where the defendant's hotel employees acted as lookouts for plaintiff's traffickers and would inform the traffickers of police activity on the premises). As discussed previously, "there is no evidence United took steps with Plaintiff's traffickers to facilitate the trafficker's illicit activities. Instead, the record presented here shows that United took actions that would be expected to further the interest of a hotel enterprise." Doc. 151 at 13-14. Again, this Court held that there was no evidence that United shared a common undertaking with Plaintiff's traffickers. *Riti* did the same. As such, Plaintiff's contention that the Court's decision is flawed because it relies on *Riti* is misguided.

## II. The Court's dismissal of Plaintiff's negligence claim was proper and not a manifest injustice.

Plaintiff contends the Court erred "by finding that Plaintiff was a licensee." Doc. 154 at 16. Plaintiff claims she "was a customer who was invited to stay at United, [so] there is a jury question as to whether Plaintiff was an invitee owed a duty of ordinary care." *Id.* at 17. Plaintiff claims that she was not a licensee because "under Georgia law, a licensee is, by definition, not a customer and not invited to be on the premises." *Id.* However, Plaintiff was not United's customer. Her traffickers were. United did not invite her onto the Property, her traffickers did. As such,

11

Plaintiff's reliance on Georgia authority extending invitee status to a property owner's customers is inapposite.

Furthermore, the fact that Plaintiff made occasional purchases at the Property's convenience store does not provide her permanent, blanket invitee status. By virtue of Plaintiff's claims, her injuries only occurred when she was performing commercial sex acts. There is no evidence that Plaintiff provided commercial sex acts in the Property's convenience store. Therefore, even if this Court were to conclude that Plaintiff briefly obtained invitee status whenever she made purchases in the convenience store, she certainly exceeded the scope of that invitation when she returned to the room to perform commercial sex acts. By the very nature of Plaintiff's claims, she was not an invitee when she sustained her alleged injuries.

"[United] cannot be said to have a lawful interest in facilitating sex trafficking." Doc. 151 at 21. As the Court noted, "commercial sex was [Plaintiff's] purpose for being [at United's hotel]." *Id.* at 21. Plaintiff's visits to "United's lobby store to purchase condoms, food and other items . . . was not "induced by United for a lawful purpose." *Id.* at 20. As such, Plaintiff "was merely a licensee . . . [and] United's duty was to avoid willful or wanton injury to Plaintiff." *Id.* at 22. Because Plaintiff did not argue United willfully or wantonly caused her injury, the Court's dismissal of Plaintiff's negligence claim was proper.

Alternatively, Plaintiff argues she "was an invitee at United because United invited her to stay at the hotel by welcoming her into a hotel room." Doc. 154 at 17. Plaintiff contends United staff walked Plaintiff "back to the room in which [she was] being sex trafficked at the United Inn and [unlocked] the door to let [her] back inside" was an "invitation." *Id.* at 17-18.

An "invitee" is one who enters the premises for any *lawful purpose* by express or implied invitation; for an express or implied invitation to exist, a privity of interest must exist between the owner or occupier of the premises and the purported invitee. *Freeman v. Eichholz*, 705 S.E.2d 919, 922 (2011) (emphasis added). Here, "commercial sex was [Plaintiff's] purpose for being [at United]." Doc. 151 at 21. United "cannot be said to have a lawful interest in facilitating sex trafficking." Doc. 151 at 22. Accordingly, pursuant to the requirements of O.C.G.A. § 51-3-1, Plaintiff cannot be considered an invitee because she entered United's premises for the unlawful purpose of commercial sex work. *See* O.C.G.A. § 16-5-46.

### A.   The Court's conclusion that Plaintiff was a licensee is not inconsistent with Georgia law.

Plaintiff argues her "eating, sleeping, buying food and drinks" at United's hotel was "enough to meet the 'any lawful purpose' standard" set forth by O.C.G.A. § 51-3-1. *Id.* at 22. By Plaintiff's logic, a trespasser could obtain invitee status on any property by engaging in at least one legal activity while doing so. Obviously, this is not the law. Plaintiff's purpose for entering the premises was for "commercial

13

sex." Doc. 151 at 21. Indeed, the Court noted "it is quite a stretch to argue . . . [that] the purpose of Plaintiff's visit to United's property was lawful." *Id.* at 20. Ultimately, Plaintiff cannot claim invitee status because she entered United's property to conduct sex work, not to provide a mutual benefit between her and United. *See Jones v. ASA G. Candler, Inc.*, 97 S.E. 112. Accordingly, the Court was correct in determining Plaintiff was a licensee under Georgia law.

### B. Provided that Plaintiff was a licensee, United did not owe her a duty of ordinary care against foreseeable dangers.

Finally, Plaintiff argues that "United failed to exercise ordinary care . . . and cannot escape its duty . . . regardless of [Plaintiff's] status as an invitee or licensee. Doc. 154 at 23. Plaintiff claims "United knew of the extensive criminal history on the property, including commercial-sex activity, and that it repeatedly talked with and observed Plaintiff on the property." *Id.* at 24.

"The owner of [a] premises is liable to a licensee *only* for willful or wanton injury." O.C.G.A § 51-3-2(b) (emphasis added). Willful conduct is based on an actual intention to do harm or inflict injury, and wanton conduct is that which is so reckless or so charged with indifference to the consequences as to justify the jury in finding a wantonness equivalent in spirit to actual intent. *Culpepper v. Thompson*, 562 S.E.2d 837, 839 (Ga. App. 2002). "[I]f a danger to a licensee is known and foreseen by the property owner, then the owner must exercise ordinary care and diligence to protect that licensee from the peril." *Bethany Grp., LLC v. Grobman*,

727 S.E.2d 147, 149-50 (Ga. App. 2012) (affirming denial of summary judgement where "there was evidence that [defendant] knew that armed robberies had occurred on the property . . . and that it should have anticipated [plaintiff's] presence on the property.").

Here, United's manager "claimed to be aware of between fix and six instances of prostitution at the hotel during the relevant period." Doc. 151 at 3. United employed a security guard who patrolled the property for four hours every night. *Id.* at 4. Moreover, "United called the police many times regarding unusual foot traffic in hotel rooms and spoke with the police regarding ways to reduce prostitution at the hotel." *Id.* at 3. In addition, United's awareness of prostitution does not relate to sex trafficking. The two are entirely different crimes. *See* O.C.G.A § 16-5-46; O.C.G.A § 16-6-9. As such, even if Plaintiff is to be considered a licensee, United is not liable to her pursuant to O.C.G.A § 51-3-2(b).

## **CONCLUSION**

Based on the foregoing arguments and authority, United respectfully requests that this Court issue an ORDER denying Plaintiff's Motion for Reconsideration.

*Signature follows on next page.*

Respectfully submitted this 5th day of December, 2024.

| | |
|---|---|
| | */s/ Cameron A. Mobley* |
| LEWIS BRISBOIS BISGAARD | CAMERON A. MOBLEY |
| & SMITH LLP | Georgia Bar No. 613048 |
| Bank of America Plaza | |
| 600 Peachtree Street, NE, Suite 4700 | *Attorney for Defendant* |
| Atlanta, Georgia 30308 | *Northbrook Industries, Inc. d/b/a* |
| (404) 348-8585 | *United Inn and Suites* |
| (404) 467-8845 Facsimile | |
| Cameron.Mobley@lewisbrisbois.com | |

## **RULE 7.1D CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D of the United States District Court of the Northern District of Georgia, the undersigned certifies that the foregoing submission to the Court was computer-processed, double-spaced between lines, and used Times New Roman font of 14-point size.

Dated: December 5, 2024

*/s/ Cameron A. Mobley*

CAMERON A. MOBLEY

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 5, 2024, I electronically filed the foregoing ***DEFENDANT NORTHBROOK INDUSTRIES, INC., d/b/a UNITED INN AND SUITES' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER*** with the Clerk of Court using the CM/ECF filing system which will automatically send e-mail notification of such filing to the following counsel of record:

Rory A. Weeks
ANDERSON, TATE & CARR, P.C.
1960 Satellite Boulevard
Suite 400
Duluth, Georgia 30097
rweeks@atclawfirm.com

Richard W. Hendrix
FINCH McCRANIE, LLP
229 Peachtree Street, NE
Suite 2500
Atlanta, Georgia 30303
rhendrix@finchmccranie.com

*Attorneys for Plaintiff*

> */s/ Cameron A. Mobley*
> CAMERON A. MOBLEY
> Georgia Bar No. 613048
>
> *Attorney for Defendant Northbrook Industries, Inc. d/b/a United Inn and Suites*