6months,APPEAL,CLOSED,PROTO,REOPEN,SUBMDJ

# U.S. District Court
# Northern District of Georgia (Atlanta)
# CIVIL DOCKET FOR CASE #: <u>1:20–cv–05231–JPB</u>

A.G. v. Northbrook Industries, Inc.  
Assigned to: Judge J. P. Boulee  
Cause: 18:1589 Forced Labor, Sex Trafficking

Date Filed: 12/28/2020  
Date Terminated: 06/14/2024  
Jury Demand: Both  
Nature of Suit: 360 P.I.: Other  
Jurisdiction: Federal Question

**<u>Plaintiff</u>**

**A.G.**                    represented by    **David Holmes Bouchard**  
Finch McCranie, LLP  
229 Peachtree Street, N.E.  
Suite 2500  
Atlanta, GA 30303  
404–658–9070  
Email: <u>david@finchmccranie.com</u>  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

**Jonathan Tonge**  
Andersen, Tate & Carr, PC  
One Sugarloaf Centre  
1960 Satellite Blvd.  
Suite 4000  
Duluth, GA 30097  
770–822–0900  
Email: <u>jtonge@atclawfirm.com</u>  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

**Patrick J. McDonough**  
Andersen, Tate & Carr, P.C.  
One Sugarloaf Centre  
1960 Satellite Boulevard  
Suite 4000  
Duluth, GA 30097  
770–822–0900  
Email: <u>pmcdonough@atclawfirm.com</u>  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

**Richard Wayne Hendrix**  
Finch McCranie, LLP  
229 Peachtree Street  
Suite 2500  
Atlanta, GA 30303  
404–658–9070

Fax: 404–688–0649
Email: rhendrix@finchmccranie.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Warren Carl Lietz , III**
Finch McCranie, LLP
229 Peachtree Street, NE
Suite 2500, International Tower
Atlanta, GA 30303
404–658–9070
Fax: 404–688–0649
Email: carl@finchmccranie.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gabe Knisely**
Finch McCranie, LLP
229 Peachtree Street, NE
Suite 2500
Atlanta, GA 30303
404–658–9070
Fax: 404–688–0649
Email: gabe@finchmccranie.com
*ATTORNEY TO BE NOTICED*

**Rory Allen Weeks**
Andersen, Tate & Carr, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard
Suite 4000
Duluth, GA 30097
770–822–0900
Email: rweeks@atclawfirm.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Northbrook Industries, Inc.**              represented by   **Admir Allushi**
*doing business as*                                           Lewis, Brisbois, Bisgaard & Smith, LLP
United Inn and Suites                                         600 Peachtree Stree, NE
                                                              Suite 4700
                                                              Atlanta, GA 30308
                                                              404–991–2173
                                                              Fax: 404–467–8845
                                                              Email: adi.allushi@lewisbrisbois.com
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Cameron Alexander Mobley**
                                                              Lewis, Brisbois, Bisgaard & Smith,

LLP–ATL
600 Peachtree Street, NE
Suite 4700
Atlanta, GA 30308
404–991–3787
Fax: 404–467–8845
Email: Cameron.Mobley@lewisbrisbois.com
*ATTORNEY TO BE NOTICED*

**Cecilia Ann Walker**
Lewis Brisbois Bisgaard & Smith
600 Peachtree Street
Suite 4700
Atlanta, GA 30308
706–401–0252
Email: cecilia.walker@fmglaw.com
*ATTORNEY TO BE NOTICED*

**Donald Brown**
Hall Booth Smith, P.C. – ATL
191 Peachtree Street Northeast
Suite 2900
Atlanta, GA 30303
404–954–5000
Email: dbrown@hallboothsmith.com
*TERMINATED: 10/30/2023*

**Sarah Meghan Pittman**
Hall Booth Smith, P.C.
191 Peachtree Street
Suite 2900
Atlanta, GA 30303
404–954–5000
Email: meghanpittman@hallboothsmith.com
*TERMINATED: 10/30/2023*

**William Richard Story**
Hall Booth Smith, P.C. – ATL
191 Peachtree Street Northeast
Suite 2900
Atlanta, GA 30303
404–954–5000
Email: will@storylawllc.com
*TERMINATED: 07/10/2023*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/28/2020 | 1 | COMPLAINT with Jury Demand filed by A.G.. (Filing fee $402.00, receipt number AGANDC–10538165) (Attachments: # 1 Civil Cover Sheet)(eop) Please visit our website at http://www.gand.uscourts.gov/commonly–used–forms to obtain Pretrial Instructions and Pretrial Associated Forms which includes the Consent To Proceed |

| | | |
|---|---|---|
| | | Before U.S. Magistrate form. (Entered: 12/29/2020) |
| 12/28/2020 | 2 | Electronic Summons Issued as to Northbrook Industries, Inc.. (eop) (Entered: 12/29/2020) |
| 12/29/2020 | 3 | NINTH AMENDMENT TO GENERAL ORDER 20–01 RE: COURT OPERATIONS UNDER THE EXIGENT CIRCUMSTANCES CREATED BY COVID–19 AND RELATED CORONA VIRUS. Signed by Judge Thomas W. Thrash, Jr. on 12/8/20. (eop) (Entered: 12/29/2020) |
| 12/29/2020 | 4 | Certificate of Interested Persons by A.G.. (Bouchard, David) (Entered: 12/29/2020) |
| 12/29/2020 | 5 | MOTION for Protective Order *and Leave to Proceed Anonymously* with Brief In Support by A.G.. (Attachments: # 1 Text of Proposed Order Granting Plaintiff's Motion for Protective Order and Leave to Proceed Anonymously)(Bouchard, David) . Added MOTION on 12/29/2020 (tcc). (Entered: 12/29/2020) |
| 01/05/2021 | 6 | **STANDING ORDER REGARDING CIVIL LITIGATION**. Signed by Judge J. P. Boulee on 1/5/21. (bnw) (Entered: 01/05/2021) |
| 01/15/2021 | 7 | Return of Service Executed by A.G.. Northbrook Industries, Inc. served on 1/8/2021, answer due 1/29/2021. (Attachments: # 1 Affidavit of Service)(Bouchard, David) (Entered: 01/15/2021) |
| 01/19/2021 | | Submission of 5 MOTION for Protective Order *and Leave to Proceed Anonymously*, to District Judge J. P. Boulee. (ddm) (Entered: 01/19/2021) |
| 01/27/2021 | 8 | Consent MOTION for Extension of Time to File Answer by Northbrook Industries, Inc.. (Story, William) (Entered: 01/27/2021) |
| 01/27/2021 | 9 | NOTICE of Appearance by Donald Brown on behalf of Northbrook Industries, Inc. (Brown, Donald) (Entered: 01/27/2021) |
| 01/27/2021 | 10 | NOTICE of Appearance by William Richard Story on behalf of Northbrook Industries, Inc. (Story, William) (Entered: 01/27/2021) |
| 01/28/2021 | | ORDER: For good cause shown, the 8 Consent Motion for Extension of Time is GRANTED. IT IS HEREBY ORDERED that Defendant's deadline to respond to Plaintiff's Complaint is extended through and including February 12, 2021. Signed by Judge J. P. Boulee on 1/28/21. (bnw) (Entered: 01/28/2021) |
| 01/28/2021 | 11 | TENTH AMENDMENT TO GENERAL ORDER 20–01 RE: COURT OPERATIONS UNDER THE EXIGENT CIRCUMSTANCES CREATED BY COVID–19 AND RELATED CORONAVIRUS. Signed by Judge Thomas W. Thrash, Jr. on 01/27/2021. (adg) (ADI) (Entered: 01/28/2021) |
| 02/12/2021 | 12 | First Certificate of Interested Persons by Northbrook Industries, Inc.. (Brown, Donald) (Entered: 02/12/2021) |
| 02/12/2021 | 13 | First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *alternatively Motion to strike* with Brief In Support by Northbrook Industries, Inc.. (Attachments: # 1 Brief Brief of Support in Motion to Dismiss, # 2 Exhibit Ex. A– Superseding Criminal Indictment, # 3 Exhibit Ex. B– Amended Complaint in Jane Doe 4 v. Red Roof Inn)(Brown, Donald) . Added MOTION to Strike on 2/17/2021 (ddm). (Entered: 02/12/2021) |
| 02/12/2021 | 14 | |

| | | First MOTION to Stay by Northbrook Industries, Inc.. (Attachments: # 1 Exhibit Ex. A Superseding Criminal Indictment, # 2 Exhibit Ex. B Order by Docket Only Granting Defendant Zaccheus Obies Motion for Continuance)(Brown, Donald) (Entered: 02/12/2021) |
|---|---|---|
| 02/16/2021 | 15 | Notice for Leave of Absence for the following date(s): 04/02,04/03,04/04,04/05,04/06,04/07,04/08,04/09, by Donald Brown. (Brown, Donald) (Entered: 02/16/2021) |
| 02/22/2021 | 16 | RESPONSE re 14 First MOTION to Stay filed by A.G.. (Bouchard, David) (Entered: 02/22/2021) |
| 02/22/2021 | 17 | RESPONSE in Opposition re 13 First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *alternatively Motion to strike* MOTION to Strike filed by A.G.. (Bouchard, David) (Entered: 02/22/2021) |
| 02/26/2021 | | Clerks Notation re 12 Certificate of Interested Persons approved by JPB. (bnw) (Entered: 02/26/2021) |
| 03/01/2021 | 18 | JOINT PRELIMINARY REPORT AND DISCOVERY PLAN filed by A.G.. (Bouchard, David) (Entered: 03/01/2021) |
| 03/02/2021 | 19 | ORDER granting 5 Plaintiff's Motion for Protective Order and Leave to Proceed Anonymously. All material, documents, pleadings, exhibits and evidence of any kind filed in this case shall refer to Plaintiff as A.G. and her immediate family members (siblings and parents) by pseudonymous initials with no other additional identifying information. Signed by Judge J. P. Boulee on 3/2/2021. (ddm) (Entered: 03/02/2021) |
| 03/02/2021 | 20 | (FILED IN ERROR – WRONG PDF ATTACHED) SCHEDULING ORDER approving the parties' 18 Joint Preliminary Report and Discovery Plan. This case is assigned to a six–month discovery tract. Discovery will commence thirty days after Defendant files its answer. Signed by Judge J. P. Boulee on 3/2/2021. (ddm) Modified on 3/3/2021 (ddm). (Entered: 03/02/2021) |
| 03/02/2021 | 21 | SCHEDULING ORDER approving the parties' 18 Joint Preliminary Report and Discovery Plan. This case is assigned to a six–month discovery tract. Discovery will commence thirty days after Defendant files its answer. Signed by Judge J. P. Boulee on 3/2/2021. (ddm) (Entered: 03/03/2021) |
| 03/03/2021 | | Notification of Docket Correction re 20 Scheduling Order. The incorrect PDF was attached at 20 . The Order has been redocketed at 21 Scheduling Order. (ddm) (Entered: 03/03/2021) |
| 03/08/2021 | 22 | REPLY to Response to Motion re 13 First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *alternatively Motion to strike* MOTION to Strike filed by Northbrook Industries, Inc.. (Brown, Donald) (Entered: 03/08/2021) |
| 03/10/2021 | 23 | ELEVENTH AMENDMENT TO GENERAL ORDER 20–01 RE: COURT OPERATIONS UNDER THE EXIGENT CIRCUMSTANCES CREATED BY COVID–19 AND RELATED CORONAVIRUS. Signed by Judge Thomas W. Thrash, Jr. on 03/09/2021 (adg) (ADI) (Entered: 03/10/2021) |
| 03/10/2021 | | Submission of 13 First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, *alternatively Motion to strike*, 14 First MOTION to Stay , to District Judge J. P. Boulee. (ddm) (Entered: 03/10/2021) |

| | | |
|---|---|---|
| 03/15/2021 | 24 | CERTIFICATE OF SERVICE *Rule 5.4 Certificate of Service of Discovery* by A.G..(Bouchard, David) (Entered: 03/15/2021) |
| 03/15/2021 | 25 | CERTIFICATE OF SERVICE *for Initial Disclosures* by Northbrook Industries, Inc..(Story, William) (Entered: 03/15/2021) |
| 05/12/2021 | 26 | Notice for Leave of Absence for the following date(s): July 28, 2021–August 2, 2021, October 9, 2021–October 18, 2021, December 22, 2021–December 31, 2021, by Donald Brown. (Brown, Donald) (Entered: 05/12/2021) |
| 06/07/2021 | 27 | MOTION Leave of Absence *for Richard W. Hendrix* by A.G.. (Attachments: # 1 Text of Proposed Order Proposed Order (re Motion for Leave of Absence))(Hendrix, Richard) (Entered: 06/07/2021) |
| 06/28/2021 | 28 | CERTIFICATE OF SERVICE *of Plaintiff's Identity Disclosure* by A.G..(Bouchard, David) (Entered: 06/28/2021) |
| 06/30/2021 | | Submission of 27 MOTION Leave of Absence to District Judge J. P. Boulee. (rjc) (Entered: 06/30/2021) |
| 07/26/2021 | 29 | ORDER denying as moot 14 Motion to Stay. Signed by Judge J. P. Boulee on 07/26/2021. (bdb) (Entered: 07/27/2021) |
| 07/27/2021 | 30 | ORDER: Until a decision is issued, Defendants Motion to Dismiss and, alternatively, Motion to Strike 13 is DEFERRED, and the Clerk is DIRECTED to terminate the submission. The parties are DIRECTED to notify this Court within seven days of the Eleventh Circuit issuing its decision in the Consolidated Appeals. Upon notification, this Court will enter a briefing schedule so that the parties can supplement their arguments with the Eleventh Circuits decision. Once the additional briefing is complete, the Clerk is DIRECTED to resubmit Defendants motion 13 to the undersigned. Signed by Judge J. P. Boulee on 7/27/21. (ceo) (Entered: 07/27/2021) |
| 08/02/2021 | | ORDER granting 27 Motion for Leave of Absence for the following dates: July 19, 2021 through and including July 25, 2021;August 15, 2021 through and including August 22, 2021;September 25, 2021 through and including October 3, 2021;October 18, 2021 through and including October 23, 2021; andNovember 7, 2021 through and including November 14, 2021. Signed by Judge J. P. Boulee on 8/2/21. (bnw) (Entered: 08/02/2021) |
| 09/16/2021 | 31 | ORDER DIRECTING THE CLERK to ADMINISTRATIVELY CLOSE this case for docket management purposes. The parties shall notify the Court no later than seven days after the appeals are resolved, at which time the Court will reopen the case. Signed by Judge J. P. Boulee on 09/16/2021. (ayw) (Entered: 09/16/2021) |
| 09/16/2021 | | Civil Case Terminated. (ayw) (Entered: 09/16/2021) |
| 12/29/2021 | 32 | NOTICE by A.G. re 30 Order on Motion to Dismiss for Failure to State a Claim,,, Order on Motion to Strike,, *(Notification of Eleventh Circuit Court of Appeals Decision)* (Bouchard, David) (Entered: 12/29/2021) |
| 01/04/2022 | 33 | ORDER: On December 29, 2021, the parties notified the Court that the appeals were resolved. 32 . Because the appeals have been resolved, the Clerk is DIRECTED to reopen this action. Moreover, the parties are ORDERED to comply with the following deadlines: (1) Defendant shall file any supplemental briefing on the currently pending Motion to Dismiss no later than January 12, 2022; (2) Plaintiff shall file her response to any supplemental briefing no later than January 26, 2022; (3) Defendant shall file |

| | | |
|---|---|---|
| | | its reply, if any, no later than February 4, 2022. Signed by Judge J. P. Boulee on 1/4/22. (ceo) (Entered: 01/04/2022) |
| 01/12/2022 | 34 | NOTICE Of Filing Supplemental Brief in Support by Northbrook Industries, Inc. re 13 First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *alternatively Motion to strike* MOTION to Strike (Brown, Donald) Modified on 1/13/2022 to edit text. (cmd) (Entered: 01/12/2022) |
| 01/13/2022 | 35 | Notice for Leave of Absence for the following date(s): 04.21.2022–04.29.2022, 07.04.2022–07.15.2022, 12.22.2022–01.02.2023, by Donald Brown. (Brown, Donald) (Entered: 01/13/2022) |
| 01/26/2022 | 36 | RESPONSE re 13 MOTION to Dismiss, MOTION to Strike, 34 Notice of Filing, filed by A.G.. (Bouchard, David) Modified on 1/27/2022 to add docket relationship and edit text. (cmd) (Entered: 01/26/2022) |
| 02/02/2022 | 37 | Request for Leave of Absence for the following date(s): May 19, 2022 through and including May 20, 2022; June 18, 2022 through and including July 4, 2022; and July 25, 2022 through and including July 29, 2022, by Richard Wayne Hendrix. (Hendrix, Richard) (Entered: 02/02/2022) |
| 02/11/2022 | | Submission of 33 Order to District Judge J. P. Boulee. (bnw) (Entered: 02/11/2022) |
| 02/15/2022 | | NOTICE: Effective immediately, all communications related to cases assigned to Judge Boulee should be directed to 404–215–1410 or CRD_JPB@gand.uscourts.gov. (kxm) (Entered: 02/15/2022) |
| 04/19/2022 | 38 | Notice for Leave of Absence for the following date(s): July 21–29, 2022, by Donald Brown. (Brown, Donald) (Entered: 04/19/2022) |
| 05/24/2022 | 39 | ORDER denying 13 Motion to Dismiss for Failure to State a Claim, or alternatively, Motion to strike. The parties are reminded that they have six months to complete discovery, which shall commence thirty days after Defendant files it answer. Signed by Judge J. P. Boulee on 5/24/2022. (anc) (Entered: 05/24/2022) |
| 06/07/2022 | 40 | ANSWER to 1 COMPLAINT with Jury Demand by Northbrook Industries, Inc.. Discovery ends on 11/4/2022.(Brown, Donald) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 06/07/2022) |
| 06/08/2022 | | ORDER {by Docket Entry Only}: Pursuant to the Scheduling Order entered in this case, the parties were given six months to complete discovery. As a result, discovery closes on December 7, 2022. Dispositive motions shall be filed no later than January 6, 2023. Ordered by Judge J. P. Boulee on 6/8/22. (ceo) (Entered: 06/08/2022) |
| 06/13/2022 | 41 | CERTIFICATE OF SERVICE *OF DISCOVERY* by Northbrook Industries, Inc..(Brown, Donald) (Entered: 06/13/2022) |
| 07/07/2022 | 42 | NOTICE by A.G. *(Notice of Intent to Serve Subpoenas)* (Bouchard, David) (Entered: 07/07/2022) |
| 07/07/2022 | 43 | CERTIFICATE OF SERVICE *of Written Discovery* by A.G..(Bouchard, David) (Entered: 07/07/2022) |
| 08/16/2022 | 44 | CERTIFICATE OF SERVICE *of Discovery* by A.G..(Bouchard, David) (Entered: 08/16/2022) |
| 08/16/2022 | 45 | |

| | | |
|---|---|---|
| | | First NOTICE to Take Deposition of A.G. filed by Northbrook Industries, Inc. (Story, William) (Entered: 08/16/2022) |
| 08/17/2022 | 46 | NOTICE by A.G. *(Notice of Intent to Serve Subpoenas)* (Bouchard, David) (Entered: 08/17/2022) |
| 08/17/2022 | 47 | CERTIFICATE OF SERVICE *of Discovery* by Northbrook Industries, Inc..(Brown, Donald) Modified on 8/18/2022 to correct capitalized text (nmb). (Entered: 08/17/2022) |
| 09/07/2022 | 48 | CERTIFICATE OF SERVICE *of Discovery* by A.G..(Bouchard, David) (Entered: 09/07/2022) |
| 09/22/2022 | 49 | CERTIFICATE OF SERVICE *of Discovery* by A.G..(Bouchard, David) (Entered: 09/22/2022) |
| 10/18/2022 | 50 | Notice for Leave of Absence for the following date(s): 12/7–12/9/2022, 01/26–01/30/2023, by Donald Brown. (Brown, Donald) Modified on 10/21/2022 to correct docket text (nmb). (Entered: 10/18/2022) |
| 10/21/2022 | 51 | CERTIFICATE OF SERVICE *of Discovery* by Northbrook Industries, Inc..(Brown, Donald) Modified on 10/24/2022 to correct capitalized text (nmb). (Entered: 10/21/2022) |
| 12/02/2022 | 52 | Joint Motion for Proposed Scheduling Order filed by Northbrook Industries, Inc. (Attachments: # 1 Text of Proposed Order Proposed Scheduling Order)(Story, William) (Entered: 12/02/2022) |
| 12/05/2022 | | For good cause shown, the 52 Joint Motion is GRANTED. The dates proposed by the parties are approved and fully incorporated herein. IT IS HEREBY ORDERED that the discovery period is extended as follows: (1) fact discovery is extended through and including March 10, 2023; (2) expert discovery is extended through and including June 16, 2023. Dispositive motions shall be filed no later than July 28, 2023. In the event dispositive motions are not filed, the consolidated pretrial order shall be filed no later than August 4, 2023. Given this lengthy extension, future extensions are unlikely. So ordered by Judge J. P. Boulee on 12/5/22. (jkl) (Entered: 12/05/2022) |
| 12/05/2022 | 53 | CERTIFICATE OF SERVICE *of Discovery* by Northbrook Industries, Inc..(Brown, Donald) Modified on 12/8/2022 to correct capitalization (nmb). (Entered: 12/05/2022) |
| 12/05/2022 | 54 | CERTIFICATE OF SERVICE *of Discovery* by A.G..(Bouchard, David) (Entered: 12/05/2022) |
| 01/09/2023 | 55 | CERTIFICATE OF SERVICE *of Discovery* by A.G..(Bouchard, David) (Entered: 01/09/2023) |
| 01/09/2023 | 56 | CERTIFICATE OF SERVICE *of Discovery* by A.G..(Bouchard, David) (Entered: 01/09/2023) |
| 02/10/2023 | 57 | CERTIFICATE OF SERVICE *of Discovery* by A.G..(Bouchard, David) (Entered: 02/10/2023) |
| 02/24/2023 | 58 | CERTIFICATE OF SERVICE *of Discovery* by A.G..(Bouchard, David) (Entered: 02/24/2023) |
| 03/31/2023 | 59 | Application for Leave of Absence for the following date(s): 06/22/23–06/30/23,11/20/23–11/24/23,12/22/23–01/02/24, by Donald Brown. |

| | | (Brown, Donald) (Entered: 03/31/2023) |
|---|---|---|
| 04/18/2023 | 60 | CERTIFICATE OF SERVICE *of Discovery* by Northbrook Industries, Inc..(Story, William) Modified capitalized text on 4/19/2023 (nmb). (Entered: 04/18/2023) |
| 04/28/2023 | 61 | CERTIFICATE OF SERVICE *of Discovery* by A.G..(Bouchard, David) (Entered: 04/28/2023) |
| 05/09/2023 | 62 | Unopposed MOTION for Extension of Time to Complete Discovery *(Proposed Second Modified Scheduling Order)* by A.G.. (Attachments: # 1 Exhibit A – Proposed Second Modified Scheduling Order)(Bouchard, David) (Entered: 05/09/2023) |
| 05/11/2023 | | The Court will allow one final extension. As such, the 62 Unopposed Motion is GRANTED. The dates proposed by the parties are APPROVED. Fact discovery is extended through and including May 31, 2023, and expert discovery shall conclude on July 14, 2023. Dispositive motions shall be filed no later than August 4, 2023. So ordered by Judge J. P. Boulee on 5/11/2023. (jkl) (Entered: 05/11/2023) |
| 05/12/2023 | 63 | CERTIFICATE OF SERVICE *of Discovery* by A.G..(Bouchard, David) (Entered: 05/12/2023) |
| 05/12/2023 | 64 | NOTICE by A.G. *(Notice of Intent to Serve Subpoena)* (Attachments: # 1 Exhibit A – Subpoena)(Bouchard, David) (Entered: 05/12/2023) |
| 05/12/2023 | 65 | CERTIFICATE OF SERVICE *of Discovery* by A.G..(Bouchard, David) (Entered: 05/12/2023) |
| 05/15/2023 | 66 | CERTIFICATE OF SERVICE *of Discovery* by A.G..(Bouchard, David) (Entered: 05/15/2023) |
| 05/16/2023 | 67 | NOTICE by A.G. *(Notice of Service of Rule 45 Subpoena)* (Bouchard, David) (Entered: 05/16/2023) |
| 05/16/2023 | 68 | AFFIDAVIT of Service for Subpoena , as to HomeTrust Bank, Inc. c/o CT Corporation System. (Bouchard, David) (Entered: 05/16/2023) |
| 05/18/2023 | 69 | Notice for Leave of Absence for the following date(s): May 22–25, 2023, May 30–June 2, 2023, June 5–9, 2023, by David Holmes Bouchard. (Bouchard, David) (Entered: 05/18/2023) |
| 05/19/2023 | 70 | Notice of Filing *Consolidated/Joint Discovery Statement* by A.G.. (Attachments: # 1 Exhibit 1 – Relevant Excerpts of Plaintiff's Requests, # 2 Exhibit 2 – Relevant Excerpts of Defendant's Responses)(Bouchard, David) Modified on 5/22/2023 to correct event (nmb). (Entered: 05/19/2023) |
| 05/22/2023 | 71 | Notice for Leave of Absence for the following date(s): (Amended) June 5–9, 2023, by David Holmes Bouchard. (Bouchard, David) (Entered: 05/22/2023) |
| 05/31/2023 | 72 | NOTICE by A.G. *(Notice of Intent to Serve Subpoenas)* (Attachments: # 1 Exhibit A – Bulldog Insurance, Inc. Subpoena, # 2 Exhibit B – Midland Loan Services, L.P. Subpoena, # 3 Exhibit C – Kitchens Kelley Gaynes, P.C. Subpoena, # 4 Exhibit D – Morgan & Chakales, P.C. Subpoena, # 5 Exhibit E – Alischild Tax and Accounting Inc. Subpoena)(Bouchard, David) (Entered: 05/31/2023) |
| 05/31/2023 | 73 | CERTIFICATE OF SERVICE *of Discovery* by A.G..(Bouchard, David) (Entered: 05/31/2023) |

| 06/12/2023 | 74 | AFFIDAVIT of Service for Subpoena , as to Bulldog Insurance, Inc.. (Bouchard, David) (Entered: 06/12/2023) |
|---|---|---|
| 06/12/2023 | 75 | AFFIDAVIT of Service for Subpoena , as to Alischild Tax and Accounting, Inc.. (Bouchard, David) (Entered: 06/12/2023) |
| 06/14/2023 | 76 | Minute Entry for proceedings held before Judge J. P. Boulee: Status Conference held on 6/14/2023 via Zoom. The Court directed parties to either mediate the matter in the next couple of weeks or if a resolution is not reached, Plaintiff may file a motion for sanctions. (Court Reporter Penny Coudriet)(jkl) (Entered: 06/14/2023) |
| 06/16/2023 | 77 | Expert Report of Karim H. Vellani by Northbrook Industries, Inc..(Brown, Donald) (Entered: 06/16/2023) |
| 06/16/2023 | 78 | CERTIFICATE OF SERVICE *of Discovery* by Northbrook Industries, Inc..(Brown, Donald) (Entered: 06/16/2023) |
| 06/16/2023 | 79 | CERTIFICATE OF SERVICE *of Discovery* by A.G..(Bouchard, David) (Entered: 06/16/2023) |
| 06/26/2023 | 80 | CERTIFICATE OF SERVICE *of Discovery* by Northbrook Industries, Inc..(Brown, Donald) (Entered: 06/26/2023) |
| 06/30/2023 | 81 | CERTIFICATE OF SERVICE *of Discovery* by Northbrook Industries, Inc..(Brown, Donald) (Entered: 06/30/2023) |
| 07/10/2023 | 82 | Certification of Consent to Substitution of Counsel. Sarah Meghan Pittman replacing attorney William Richard Story. (Pittman, Sarah) (Entered: 07/10/2023) |
| 07/13/2023 | 83 | Consent MOTION to Amend Order on Motion for Extension of Time to Complete Discovery, by Northbrook Industries, Inc.. (Attachments: # 1 Text of Proposed Order)(Brown, Donald) Modified on 7/17/2023 (jkl). (Entered: 07/13/2023) |
| 07/14/2023 | 84 | Rebuttal Expert Report of Dr. Kimberly Mehlman–Orozco by Northbrook Industries, Inc.(Brown, Donald) Modified to edit docket text on 7/17/2023 (dnb). (Entered: 07/14/2023) |
| 07/17/2023 | | In light of the parties' desire to settle this case and for good cause shown, the 83 Third Consent Motion to Modify the Scheduling Order is GRANTED. In the event mediation is unsuccessful, the expert discovery shall close on September 29, 2023. Dispositive motions shall be filed no later than October 20, 2023. So ordered by Judge J. P. Boulee on July 17, 2023. (jkl) (Entered: 07/17/2023) |
| 07/19/2023 | 85 | Application for Leave of Absence for the following date(s): 11/13/23–11/15/23, 11/20/23–11/24/23, 12/22/23–01/02/24, by Donald Brown. (Brown, Donald) (Entered: 07/19/2023) |
| 07/27/2023 | 86 | CERTIFICATE OF SERVICE *of Discovery* by A.G..(Bouchard, David) (Entered: 07/27/2023) |
| 09/27/2023 | 87 | Fourth MOTION to Amend *Scheduling Order* by Northbrook Industries, Inc.. (Attachments: # 1 Text of Proposed Order Exhibit A)(Brown, Donald) (Entered: 09/27/2023) |
| 09/28/2023 | 88 | ORDER GRANTING IN PART 87 Motion to Modify the Scheduling Order. IT IS HEREBY ORDERED that discovery is extended a final time through and including 10/31/2023. Dispositive motions shall be filed no later than 11/21/2023. Signed by |

| | | Judge J. P. Boulee on 9/28/2023. (nmb) (Entered: 09/29/2023) |
|---|---|---|
| 10/03/2023 | 89 | MOTION Requesting That Court Refer Discovery Dispute To United States Magistrate Judge for Mediation by A.G.. (Bouchard, David) (Entered: 10/03/2023) |
| 10/06/2023 | 90 | CERTIFICATE OF SERVICE *of Discovery* by A.G..(Bouchard, David) (Entered: 10/06/2023) |
| 10/09/2023 | 91 | CERTIFICATE OF SERVICE *of Discovery* by Northbrook Industries, Inc..(Brown, Donald) (Entered: 10/09/2023) |
| 10/13/2023 | 92 | CERTIFICATE OF SERVICE *of Discovery* by A.G..(Bouchard, David) (Entered: 10/13/2023) |
| 10/18/2023 | 93 | ORDER GRANTING 89 Motion Requesting That Court Refer Discovery Dispute To United States Magistrate Judge for Mediation. This matter is REFERRED to the next available United States Magistrate Judge for resolution of the parties' discovery dispute. If a resolution is not reached, the parties shall notify the Court within 1 week of reaching an impasse. Signed by Judge J. P. Boulee on 10/18/2023. (nmb) (Entered: 10/19/2023) |
| 10/18/2023 | | CASE REFERRED to Settlement Judge Magistrate Judge Linda T. Walker. (nmb) (Entered: 10/19/2023) |
| 10/20/2023 | 94 | CERTIFICATE OF SERVICE *of Discovery* by Northbrook Industries, Inc..(Brown, Donald) (Entered: 10/20/2023) |
| 10/20/2023 | 95 | MOTION to Withdraw Donald Brown as Attorneyby Northbrook Industries, Inc.. (Attachments: # 1 Text of Proposed Order Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Brown, Donald) (Entered: 10/20/2023) |
| 10/20/2023 | 96 | Emergency MOTION to Stay *Litigation* by Northbrook Industries, Inc.. (Brown, Donald) (Entered: 10/20/2023) |
| 10/20/2023 | | Submission of 96 Emergency MOTION to Stay *Litigation*, 95 MOTION to Withdraw Donald Brown as Attorney, to District Judge J. P. Boulee. (tcc) (Entered: 10/20/2023) |
| 10/20/2023 | 97 | RESPONSE in Opposition re 96 Emergency MOTION to Stay *Litigation* filed by A.G.. (Bouchard, David) (Entered: 10/20/2023) |
| 10/20/2023 | | Defendant is DIRECTED to file its reply in support of its Emergency Motion to Stay Litigation no later than 10:00 AM on Monday, October 23, 2023. The reply shall include information about the status of who counsel will be going forward if the Motion to Withdraw is granted and when new counsel will be prepared to complete the week of remaining discovery in the event the Emergency Motion to Stay Litigation is granted. So ordered by Judge J. P. Boulee on 10/20/2023. (jkl) (Entered: 10/20/2023) |
| 10/23/2023 | 98 | REPLY to Response to Motion re 96 Emergency MOTION to Stay *Litigation* filed by Northbrook Industries, Inc.. (Brown, Donald) (Entered: 10/23/2023) |
| 10/23/2023 | | Submission of 96 Emergency MOTION to Stay *Litigation*, to District Judge J. P. Boulee. (jkl) (Entered: 10/23/2023) |
| 10/23/2023 | 99 | INTERIM ORDER re 96 Emergency MOTION to Stay *Litigation* filed by Northbrook Industries, Inc. Signed by Judge J. P. Boulee on 10/23/23. (jkl) (Entered: 10/23/2023) |

| 10/25/2023 | 100 | RESPONSE in Support re 96 Emergency MOTION to Stay *Litigation* filed by Northbrook Industries, Inc.. (Brown, Donald) (Entered: 10/25/2023) |
| 10/25/2023 | 101 | RESPONSE re 100 Response in Support of Motion *(Response in Opposition)* filed by A.G.. (Bouchard, David) (Entered: 10/25/2023) |
| 10/25/2023 | | ORDER: The temporary stay is extended through noon on Monday, October 30, 2023. At that time, the Court will consider extending the stay if new counsel enters his or her appearance and explains to the Court how much time will be needed to complete expert discovery. In the event an entry of appearance is not filed, the Court is not inclined to continue the stay. So ordered by Judge J. P. Boulee on 10/25/23. (jkl) (Entered: 10/25/2023) |
| 10/27/2023 | 102 | NOTICE of Appearance by Admir Allushi on behalf of Northbrook Industries, Inc. (Allushi, Admir) (Entered: 10/27/2023) |
| 10/27/2023 | 103 | NOTICE of Appearance by Cameron Alexander Mobley on behalf of Northbrook Industries, Inc. (Mobley, Cameron) (Entered: 10/27/2023) |
| 10/27/2023 | 104 | NOTICE of Appearance by Cecilia Ann Walker on behalf of Northbrook Industries, Inc. (Walker, Cecilia) (Entered: 10/27/2023) |
| 10/27/2023 | 105 | MOTION to Amend 88 Order on Motion to Amend, *Scheduling Order* by Northbrook Industries, Inc.. (Mobley, Cameron) (Entered: 10/27/2023) |
| 10/30/2023 | | Because new counsel has entered an appearance, the 95 Motion to Withdraw as Counsel is GRANTED. The Clerk is DIRECTED to remove Donald Brown and Sarah Pittman as counsel of record in this case. Plaintiff is DIRECTED to respond to Defendant's Motion to Amend Scheduling Order no later than 3:00 PM on October 30, 2023. SO ORDERED by Judge J. P. Boulee on 10/30/2023. (jkl) (Entered: 10/30/2023) |
| 10/30/2023 | 106 | RESPONSE in Opposition re 105 MOTION to Amend 88 Order on Motion to Amend, *Scheduling Order* filed by A.G.. (Bouchard, David) (Entered: 10/30/2023) |
| 10/31/2023 | | Because new counsel has entered an appearance, the 96 Emergency Motion to Stay Litigation is DENIED as moot. The 105 Motion to Amend Scheduling Order is GRANTED in part. Discovery in this case is reopened for a period of thirty days. Accordingly, discovery is extended through and including November 30, 2023. Dispositive motions shall be filed no later than December 21, 2023. SO ORDERED by Judge J. P. Boulee on 10/31/2023. (Entered: 10/31/2023) |
| 11/01/2023 | 107 | Application for Leave of Absence for the following date(s): December 6, 2023 – December 14, 2023, by Admir Allushi. (Allushi, Admir) (Entered: 11/01/2023) |
| 11/03/2023 | 108 | CERTIFICATE OF SERVICE *of Discovery* by A.G..(Bouchard, David) (Entered: 11/03/2023) |
| 11/09/2023 | 109 | CERTIFICATE OF SERVICE *of Discovery* by Northbrook Industries, Inc..(Allushi, Admir) (Entered: 11/09/2023) |
| 11/13/2023 | 110 | CERTIFICATE OF SERVICE *of Discovery* by Northbrook Industries, Inc..(Allushi, Admir) (Entered: 11/13/2023) |
| 11/17/2023 | 111 | CERTIFICATE OF SERVICE *of Discovery* by A.G..(Bouchard, David) (Entered: 11/17/2023) |

| 11/17/2023 | 112 | CERTIFICATE OF SERVICE *of Discovery* by A.G..(Bouchard, David) (Entered: 11/17/2023) |
|---|---|---|
| 12/01/2023 | 113 | Minute Entry for proceedings held before Magistrate Judge Linda T. Walker: Discovery Hearing held on 12/1/2023. Hearing concluded. (Tape #zoomgov.com)(nmb) (Entered: 12/01/2023) |
| 12/01/2023 | 114 | (DOCUMENT FILED IN ERROR Minute Entry for proceedings held before Magistrate Judge Linda T. Walker: Discovery Hearing held on 12/1/2023. Hearing concluded. (Tape #zoomgov.com)(nmb) Modified on 12/1/2023 (nmb). (Entered: 12/01/2023) |
| 12/01/2023 | | Notification of Docket Correction re 114 Discovery Hearing. Document entered in case in error. (nmb) (Entered: 12/01/2023) |
| 12/07/2023 | 115 | NOTICE by A.G. *(Plaintiff's Notice Regarding Outcome of Mediation of Discovery Dispute with Magistrate Judge Walker and Notice of Intention to Proceed with Filing Motion for Sanctions)* (Bouchard, David) (Entered: 12/07/2023) |
| 12/12/2023 | 116 | MOTION for Sanctions with Brief In Support by A.G.. (Attachments: # 1 Exhibit 1 – 2022–06–15 AG–GW Email re Search Terms, # 2 Exhibit 2 – 2022–07–13 AG–GW No objection re Search Terms, # 3 Exhibit 3 – 2022–07–07 – P AG – P's RPDs, RFAs, ROGs to UI&S, # 4 Exhibit 4 – 2022–08–17 – D – Defs Resp to Pltf RPDs, RFAs, ROGs, # 5 Exhibit 5 – 2023–01–09 – NOD & Cross 30(b)(6) – Northbrook Ind dba UI&S, # 6 Exhibit 6 – 2023–02–23 – GW NOD 30(b)(6) – Northbrook Ind dba UI&S (GW), # 7 Exhibit 7 – 2023–02–23 – Dfts response re missing docs, # 8 Exhibit 8 – 2023–02–24 – AG Suppl Disco Requests, # 9 Exhibit 9 – 2023–03–08 – Follow up re suppl disco requests, # 10 Exhibit 10 – 2023–03–20 – Follow up re search terms across suppl disco requests, # 11 Exhibit 11 – 2023–03–28 – Follow up re Dfts failure to respond to suppl'l discovery requests, # 12 Exhibit 12 – 2023–03–29 – Follow up re Dfts failure to respond to suppl'l discovery requests, # 13 Exhibit 12a – 2023–03–29 – Made arrangements, # 14 Exhibit 12b – 2023–04–06 – Email re search terms, # 15 Exhibit 12c – 2023–04–11 – Email re Sabharwal search term, # 16 Exhibit 13 – 2023–03–31 – DB raises idea of extension of time, # 17 Exhibit 14 – 2023–03–31 – DB email to Will and Dana re holding May dates, # 18 Exhibit 15 – 2023–04–13 – Email re how many documents to expect, # 19 Exhibit 16 – 2023–04–17 – Email chain re how many documents to expect, # 20 Exhibit 17 – 2023–04–17 – Email to Don and Will re failure to meet extended 4–14–23 deadline, # 21 Exhibit 18 – 2023–04–18 – Getting everything bates stamped, # 22 Exhibit 19 – 2023–04–18 – Suppl'l Hard Copy Production, # 23 Exhibit 19a – Emails, # 24 Exhibit 20 – Trafficking Materials, # 25 Exhibit 21 – Letter from Major Padrick, # 26 Exhibit 22,22a,22b,22c,22d – Sum Chart, Def Disc & Resp, Excel (AG), # 27 Exhibit 23 – 2023–03–22 – 30b6TahirShareef_COND, # 28 Exhibit 24 – CONFTahirShareef_COND, # 29 Exhibit 25 – AsharIslam_COND, # 30 Exhibit 26 – BOLO Notice, # 31 Exhibit 27 – 2023–05–03 – DB email re draft consent motion to extend discovery, # 32 Exhibit 28 – 2023–05–12 – Email re compressed timeline, # 33 Exhibit 28a – 2023–05–09 – Email re intention to pursue discovery dispute process, # 34 Exhibit 29 – 2023–05–11 – discovery dispute statement (emails), # 35 Exhibit 30 – 2023–05–30 – emails re will produce & follow up, # 36 Exhibit 31 – – 2023–06–15 – emails requesting mediation & follow ups, # 37 Exhibit 32 – Attorneys Fees Chart & Affidavit)(Bouchard, David) (Entered: 12/12/2023) |
| 12/15/2023 | 117 | Consent MOTION for Extension of Time to File a Response to Plaintiff's Motion for Sanctions re: 116 MOTION for Sanctions by Northbrook Industries, Inc.. |

| | | |
|---|---|---|
| | | (Attachments: # 1 Text of Proposed Order Proposed Order Extending Defendant Northbrook Industries, Inc.'s Time to File a Response to Plaintiff's Motion for Sanctions)(Allushi, Admir) (Entered: 12/15/2023) |
| 12/18/2023 | | For good cause shown, the Consent Motion to Extend Time to File Reply [Doc. 117] is GRANTED. IT IS HEREBY ORDERED that Defendant's deadline to respond to Plaintiff's Motion for Sanctions is extended through and including January 2, 2024. (nmb) (Entered: 12/18/2023) |
| 12/21/2023 | 118 | MOTION for Summary Judgment with Brief In Support by Northbrook Industries, Inc.. (Attachments: # 1 Statement of Material Facts Defendant Northbrook Industries, Inc. d/b/a United Inn and Suites' Statement of Undisputed Material Facts)(Allushi, Admir) ––Please refer to http://www.gand.uscourts.gov to obtain the Notice to Respond to Summary Judgment Motion form contained on the Court's website.–– (Entered: 12/21/2023) |
| 12/21/2023 | 119 | SEALED NOTICE Of Filing by Northbrook Industries, Inc. re 118 MOTION for Summary Judgment (Attachments: # 1 1 – Deposition Transcript of A.G. taken 12.7.23, # 2 2 – Deposition Transcript of G.W. taken 12.6.23, # 3 3 –Deposition Transcript of Tahir Shareef taken 2.22.23, # 4 4 – Deposition Transcript of Tahir Shareef taken 5.2.23, # 5 5 – Deposition Transcript of Ashar Islam taken 2.22.23, # 6 6 – Deposition Transcript of Ashar Islam taken 5.2.23)(Allushi, Admir) Modified on 12/22/2023 (nmb). (Entered: 12/21/2023) |
| 12/21/2023 | 120 | MOTION for Leave to File Matters Under Seal re: 119 Notice of Filing,, 118 MOTION for Summary Judgment by Northbrook Industries, Inc.. (Attachments: # 1 Text of Proposed Order [Proposed] Order on Motion for Leave for Leave to File Materials Under Seal)(Allushi, Admir) (Entered: 12/21/2023) |
| 12/22/2023 | 121 | ORDER GRANTING 120 Motion for Leave to File Matters Under Seal. IT IS HEREBY ORDERED that Defendant is authorized to file under seal the documents identified in its motion. Signed by Judge J. P. Boulee on 12/22/2023. (nmb) (Entered: 12/22/2023) |
| 01/02/2024 | 122 | RESPONSE in Opposition re 116 MOTION for Sanctions filed by Northbrook Industries, Inc.. (Attachments: # 1 Exhibit A – Release Agreement, # 2 Exhibit B –Uniteds Initial Disclosures and ROG Responses, # 3 Exhibit C – Richens Declaration, # 4 Exhibit D – Employee List, # 5 Exhibit E – Sex Trafficking Training Document, # 6 Exhibit F – Shareef Depositions, # 7 Exhibit G – Islam Depositions)(Allushi, Admir) (Entered: 01/02/2024) |
| 01/02/2024 | 123 | SEALED NOTICE Of Filing by Northbrook Industries, Inc. re 122 Response in Opposition to Motion, (Attachments: # 1 Deposition Transcript of Tahir Shareef taken 2.22.23, # 2 Deposition Transcript of Tahir Shareef taken 5.2.23, # 3 Deposition Transcript of Tahir Shareef taken 2.22.23, # 4 Deposition Transcript of Tahir Shareef taken 5.2.23, # 5 Settlement Agreement and Release re A.G. and G.W.)(Allushi, Admir) Modified on 1/3/2024 (nmb). (Entered: 01/02/2024) |
| 01/02/2024 | 124 | MOTION for Leave to File Matters Under Seal re: 123 Notice of Filing, by Northbrook Industries, Inc.. (Attachments: # 1 Text of Proposed Order Proposed Order on Motion for Leave to File Material Under Seal)(Allushi, Admir) (Entered: 01/02/2024) |
| 01/03/2024 | 125 | ORDER GRANTING 124 Motion for Leave to File Matters Under Seal. IT IS HEREBY ORDERED that Defendant is authorized to file under seal the documents |

| | | identified in its motion. Signed by Judge J. P. Boulee on 1/3/2024. (nmb) (Entered: 01/03/2024) |
|---|---|---|
| 01/03/2024 | 126 | Consent MOTION for Extension of Time to File Response to re: 118 MOTION for Summary Judgment by A.G.. (Attachments: # 1 Exhibit A – proposed Order)(Bouchard, David) (Entered: 01/03/2024) |
| 01/04/2024 | | The Consent Motion [Doc. 126] is GRANTED. IT IS HEREBY ORDERED that Plaintiff's deadline to file a response to Defendant's Motion for Summary Judgment is extended through and including January 19, 2024. So ordered by Judge J. P. Boulee on January 4, 2024. (jkl) (Entered: 01/04/2024) |
| 01/10/2024 | 127 | Unopposed MOTION for Extension of Time to File a Reply in Support re: 116 MOTION for Sanctions by A.G.. (Attachments: # 1 Exhibit A – proposed Order)(Bouchard, David) (Entered: 01/10/2024) |
| 01/11/2024 | | Plaintiff's Unopposed Motion [Doc. 127] is GRANTED. IT IS HEREBY ORDERED that Plaintiff's deadline to file her reply in support of the Motion for Sanctions is extended through and including January 23, 2024. So ordered by Judge J. P. Boulee on January 11, 2024. (jkl) (Entered: 01/11/2024) |
| 01/11/2024 | 128 | Notice for Leave of Absence for the following date(s): March 28–April 12, 2024, June 3–7, 2024, June 10–14, 2024,June 17–21, 2024, June 24–28, 2024, July 1–5, 2024, by Patrick J. McDonough. (McDonough, Patrick) (Entered: 01/11/2024) |
| 01/18/2024 | 129 | Response to Statement of Material Facts re 118 MOTION for Summary Judgment filed by A.G.. (Bouchard, David) Modified double text on 1/22/2024 (nmb). (Entered: 01/18/2024) |
| 01/18/2024 | 130 | RESPONSE in Opposition re 118 MOTION for Summary Judgment *and Brief in Support* filed by A.G.. (Attachments: # 1 Statement of Material Facts in Support of A.G.'s Response in Opposition to United Inn's Motion for Summary Judgment, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16 (1 of 2), # 18 Exhibit 16 (2 of 2), # 19 Exhibit 17, # 20 Exhibit 18, # 21 Exhibit 19, # 22 Exhibit 20, # 23 Exhibit 21, # 24 Exhibit 22)(Bouchard, David) (Entered: 01/18/2024) |
| 01/18/2024 | 131 | NOTICE Of Filing by A.G. re 130 Response in Opposition to Motion,, *(A.G.'s Notice of Filing Deposition Transcripts in Support of A.G.'s Response in Opposition to United Inn's Motion for Summary Judgment)* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 7, # 5 Exhibit 8, # 6 Exhibit 14, # 7 Exhibit 15, # 8 Exhibit 18, # 9 Exhibit 22)(Bouchard, David) (Entered: 01/18/2024) |
| 01/23/2024 | 132 | REPLY BRIEF re 116 MOTION for Sanctions *(Plaintiff A.G.'s Reply in Support of Motion for Sanctions and Memorandum in Support)* filed by A.G.. (Attachments: # 1 Exhibit 1)(Bouchard, David) (Entered: 01/23/2024) |
| 01/24/2024 | | Submission of 116 MOTION for Sanctions , to District Judge J. P. Boulee. (nmb) (Entered: 01/24/2024) |
| 01/31/2024 | 133 | NOTICE of Appearance by Gabe Knisely on behalf of A.G. (Knisely, Gabe) (Entered: 01/31/2024) |
| 01/31/2024 | 134 | Consent MOTION for Extension of Time to File Reply Brief re: 118 MOTION for Summary Judgment by Northbrook Industries, Inc. (Attachments: # 1 Text of |

| | | |
|---|---|---|
| | | Proposed Order)(Mobley, Cameron) Modified on 2/1/2024 to remove duplicate wording (jbu). (Entered: 01/31/2024) |
| 02/01/2024 | | For good cause shown, the Consent Motion [Doc. 134] is GRANTED. IT IS HEREBY ORDERED that Defendant's deadline to file its reply is extended through and including February 8, 2024. So ordered by Judge J. P. Boulee on February 1, 2024. (jkl) (Entered: 02/01/2024) |
| 02/08/2024 | 135 | REPLY to Response to Motion re 118 MOTION for Summary Judgment filed by Northbrook Industries, Inc.. (Mobley, Cameron) (Entered: 02/08/2024) |
| 02/09/2024 | | Submission of 118 MOTION for Summary Judgment , to District Judge J. P. Boulee. (nmb) (Entered: 02/09/2024) |
| 02/28/2024 | 136 | MOTION to Exclude The Purported Expert Testimony of Darrell B. Chaneyfield with Brief In Support by Northbrook Industries, Inc.. (Attachments: # 1 Exhibit A – Expert Report of Darrell B. Chaneyfield)(Mobley, Cameron) (Entered: 02/28/2024) |
| 02/28/2024 | 137 | MOTION to Exclude The Purported Expert Testimony of Naeshia McDowell with Brief In Support by Northbrook Industries, Inc.. (Attachments: # 1 Exhibit A – Expert Report of Naeshia McDowell)(Mobley, Cameron) (Entered: 02/28/2024) |
| 02/28/2024 | 138 | NOTICE Of Filing Original Discovery by Northbrook Industries, Inc. re 137 MOTION to Exclude The Purported Expert Testimony of Naeshia McDowell, 136 MOTION to Exclude The Purported Expert Testimony of Darrell B. Chaneyfield (Mobley, Cameron) (Entered: 02/28/2024) |
| 02/28/2024 | 139 | SEALED DEPOSITION of Darrell B. Chaneyfield taken on November 16, 2023 by Northbrook Industries, Inc..(Mobley, Cameron) Modified on 2/29/2024 (jkl). (Entered: 02/28/2024) |
| 02/28/2024 | 140 | SEALED DEPOSITION of Darrell B. Chaneyfield taken on December 4, 2023 by Northbrook Industries, Inc..(Mobley, Cameron) Modified on 2/29/2024 (jkl). (Entered: 02/28/2024) |
| 02/28/2024 | 141 | SEALED DEPOSITION of Naeshia McDowell taken on November 10, 2023 by Northbrook Industries, Inc..(Mobley, Cameron) Modified on 2/29/2024 (jkl). (Entered: 02/28/2024) |
| 02/28/2024 | 142 | MOTION for Leave to File Matters Under Seal re: 140 Deposition, 141 Deposition, 137 MOTION to Exclude The Purported Expert Testimony of Naeshia McDowell, 138 Notice of Filing, 136 MOTION to Exclude The Purported Expert Testimony of Darrell B. Chaneyfield, 139 Deposition by Northbrook Industries, Inc.. (Attachments: # 1 Text of Proposed Order Proposed Order on Motion for Leave to File Material Under Seal)(Mobley, Cameron) (Entered: 02/28/2024) |
| 02/29/2024 | | Defendant's unopposed 142 Motion for Leave to File Matters Under Seal is GRANTED. So ordered by Judge J. P. Boulee on 2/29/2024. (jkl) (Entered: 02/29/2024) |
| 03/08/2024 | 143 | Consent MOTION for Extension of Time to File a Response to Defendant's re: 137 MOTION to Exclude The Purported Expert Testimony of Naeshia McDowell, 136 MOTION to Exclude The Purported Expert Testimony of Darrell B. Chaneyfield by A.G.. (Attachments: # 1 Exhibit A – proposed Order)(Bouchard, David) (Entered: 03/08/2024) |

| 03/11/2024 | | The 143 Consent Motion to Extend is GRANTED. IT IS HEREBY ORDERED that Plaintiff's deadline to respond to Defendant's Motions to Exclude are extended through and including March 20, 2024. So ordered by Judge J. P. Boulee on March 11, 2024. (jkl) (Entered: 03/11/2024) |
|---|---|---|
| 03/20/2024 | 144 | RESPONSE in Opposition re 136 MOTION to Exclude The Purported Expert Testimony of Darrell B. Chaneyfield filed by A.G.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Bouchard, David) (Entered: 03/20/2024) |
| 03/20/2024 | 145 | RESPONSE in Opposition re 137 MOTION to Exclude The Purported Expert Testimony of Naeshia McDowell filed by A.G.. (Attachments: # 1 Exhibit Exhibit 1 – Karim Vellani's Deposition Transcript, # 2 Exhibit Exhibit 2 – Dr. Mehlman–Orozco Report, # 3 Exhibit Exhibit 3 – Dft's Resp to RFAs, # 4 Exhibit Exhibit 4 – Trafficker's Plea Agreement, # 5 Exhibit Exhibit 5 – Naeshia McDowell Report)(Bouchard, David) (Entered: 03/20/2024) |
| 03/28/2024 | 146 | Consent MOTION for Extension of Time to File a Reply Brief in Support of its Motion to Exclude the Purported Expert Testimony of D. Chaneyfield re: 136 MOTION to Exclude The Purported Expert Testimony of Darrell B. Chaneyfield, by Northbrook Industries, Inc. (Attachments: # 1 Exhibit A Proposed Order to Extend the Deadline for Defendant to File a Reply Brief in Support of its Motion to Exclude the Purported Expert Testimony of Darrell B. Chaneyfield)(Mobley, Cameron) Modified text on 3/29/2024 (nmb). (Entered: 03/28/2024) |
| 03/28/2024 | 147 | Consent MOTION for Extension of Time to File a Reply Brief in Support of its Motion to Exclude the Purported Expert Testimony of N. McDowell re: 137 MOTION to Exclude The Purported Expert Testimony of Naeshia McDowell by Northbrook Industries, Inc. (Attachments: # 1 Exhibit A – Proposed Order to Extend the Deadline for Defendant to File a Reply Brief in Support of its Motion to Exclude the Purported Expert Testimony of Naeshia McDowell)(Mobley, Cameron) Modified text on 3/29/2024 (nmb). (Entered: 03/28/2024) |
| 03/29/2024 | | The consent motions [Docs. 146 and 147] are GRANTED. IT IS HEREBY ORDERED that Defendants deadline to file the reply briefs is extended through and including April 12, 2024. So ordered by Judge J. P. Boulee on March 29, 2024. (jkl) (Entered: 03/29/2024) |
| 04/12/2024 | 148 | REPLY to Response to Motion re 137 MOTION to Exclude The Purported Expert Testimony of Naeshia McDowell filed by Northbrook Industries, Inc.. (Attachments: # 1 Exhibit A – Expert Report of Naeshia McDowell)(Mobley, Cameron) (Entered: 04/12/2024) |
| 04/12/2024 | 149 | REPLY to Response to Motion re 136 MOTION to Exclude The Purported Expert Testimony of Darrell B. Chaneyfield filed by Northbrook Industries, Inc.. (Attachments: # 1 Exhibit A – Expert Report of Darrell Chaneyfield)(Mobley, Cameron) (Entered: 04/12/2024) |
| 04/12/2024 | 150 | NOTICE Of Filing Exhibit B by Northbrook Industries, Inc. re 149 Reply to Response to Motion, *to Exclude the Purported Expert Testimony of D. Chaneyfield* (Attachments: # 1 Exhibit B – IAPSC Forensic Methodology)(Mobley, Cameron) (Entered: 04/12/2024) |
| 04/15/2024 | | Submission of 136 MOTION to Exclude The Purported Expert Testimony of Darrell B. Chaneyfield, 137 MOTION to Exclude The Purported Expert Testimony of |

| | | Naeshia McDowell, to District Judge J. P. Boulee. (nmb) (Entered: 04/15/2024) |
|---|---|---|
| 06/14/2024 | 151 | ORDER: United's Motion 118 as to both counts of the Complaint is GRANTED, and Plaintiffs Complaint is hereby DISMISSED. The Clerk is DIRECTED to terminate all pending motions, except for Plaintiffs Motion for Sanctions, ECF No. 116, related to United's admitted failure to satisfy its discovery obligations. The Court will issue a separate order scheduling a hearing on the Motion for Sanctions. Signed by Judge J. P. Boulee on 6/14/2024. (ajw) Modified on 6/17/2024 (ajw). (Entered: 06/17/2024) |
| 06/14/2024 | | Civil Case Terminated. (ajw) Modified on 6/18/2024 (ajw). (Entered: 06/17/2024) |
| 06/17/2024 | 152 | CLERK'S JUDGMENT in favor of Defendants against Plaintiff dismissing action (ajw)––Please refer to http://www.ca11.uscourts.gov to obtain an appeals jurisdiction checklist–– (Entered: 06/17/2024) |
| 06/18/2024 | | ORDER: The Court hereby schedules oral argument on the 116 Motion for Sanctions for Tuesday, August 6, 2024, at 1:30 PM in Courtroom 1908. The Clerk is DIRECTED to administratively terminate the motion and to resubmit it after the hearing. So ordered by Judge J. P. Boulee on June 18, 2024. (jkl) (Entered: 06/18/2024) |
| 07/12/2024 | 153 | NOTICE of Appearance by Rory Allen Weeks on behalf of A.G. (Weeks, Rory) (Entered: 07/12/2024) |
| 07/12/2024 | 154 | MOTION for Reconsideration re 151 Order on Motion for Summary Judgment, 152 Clerk's Judgment and Motion for Oral Argument with Brief in Support by A.G.. (Attachments: # 1 Exhibit 1 – Ricchio Complaint)(Weeks, Rory) . Added MOTION for Oral Argument on 7/15/2024 (gww). (Entered: 07/12/2024) |
| 07/30/2024 | | Submission of 154 MOTION for Reconsideration re 151 Order on Motion for Summary Judgment, 152 Clerk's Judgment / MOTION for Oral Argument to District Judge J. P. Boulee. (jkl) (Entered: 07/30/2024) |
| 07/30/2024 | 155 | REPLY BRIEF re 154 MOTION for Reconsideration re 151 Order on Motion for Summary Judgment, 152 Clerk's Judgment MOTION for Oral Argument *(Reply in Support)* filed by A.G.. (Bouchard, David) (Entered: 07/30/2024) |
| 08/05/2024 | | NOTICE of Hearing **TIME CHANGE ONLY**: Oral Argument Hearing set for 8/6/2024 at 02:00 PM in Courtroom 1908 before Judge J. P. Boulee. (jkl) (Entered: 08/05/2024) |
| 08/06/2024 | | Submission of 116 MOTION for Sanctions to District Judge J. P. Boulee. (jkl) (Entered: 08/06/2024) |
| 08/06/2024 | 156 | SEALED. Minute Entry for proceedings held before Judge J. P. Boulee (gww) (Entered: 08/07/2024) |
| 08/07/2024 | 157 | MOTION for Leave to File Supplemental Brief in Support of 122 Response in Opposition to Motion for Sanctions, or in the Alternative, MOTION for Leave to File Response to 154 Motion for Reconsideration filed by Northbrook Industries, Inc. (Mobley, Cameron) Modified on 8/8/2024 to edit docket text (gww). Modified on 11/13/2024 (jkl). (Entered: 08/07/2024) |
| 08/13/2024 | 158 | NOTICE Of Filing Supplemental Exhibits by A.G. re 116 MOTION for Sanctions (Attachments: # 1 Exhibit 32 (updated), # 2 Affidavit)(Bouchard, David) Modified on 8/14/2024 (gww). (Entered: 08/13/2024) |

| 09/06/2024 | 159 | SEALED TRANSCRIPT of Proceedings held on 8/6/2024, before Judge JP BOULEE. Court Reporter/Transcriber PENNY COUDRIET. A full directory of court reporters and their contact information can be found at www.gand.uscourts.gov/court–reporter–directory. Redaction requests are due within 21 days of entry. (Attachments: # 1 Notice of Filing) (ppc) (Entered: 09/06/2024) |
|---|---|---|
| 11/14/2024 | 160 | ORDER: Because the motion is unopposed and because new arguments were raised during oral argument, Defendants Motion for Leave to File Supplemental Brief Doc. 157 is GRANTED. IT IS HEREBY ORDERED that no later than fourteen days from the date of this order, Defendant may file either a supplemental brief in support of its response to Plaintiff's Motion for Sanctions or file a response brief to Plaintiff's Motion for Reconsideration. Signed by Judge J. P. Boulee on 11/14/2024. (gww) (Entered: 11/14/2024) |
| 11/26/2024 | 161 | Consent MOTION for Extension of Time to File Either a Supplemental Brief in Opposition to Plaintiffs Motion for Sanctions or Response to Plaintiffs Motion for Reconsideration re: 160 Order on Motion for Leave to File, 157 Motion for Leave to File Supplemental Brief by Northbrook Industries, Inc.. (Attachments: # 1 Text of Proposed Order Proposed Order Extending Defendant's Time to File Either a Supplemental Brief in Opposition to Plaintiffs Motion for Sanction or Response to Plaintiffs Motion for Reconsideration)(Mobley, Cameron) (Entered: 11/26/2024) |
| 11/26/2024 | | ORDER: The Consent Motion [Doc. 161] is GRANTED. IT IS HEREBY ORDERED that Defendant's deadline to file either a supplemental brief or response is extended through and including December 5, 2024. So ordered by Judge J. P. Boulee on November 26, 2024. (jkl) (Entered: 11/26/2024) |
| 12/05/2024 | 162 | RESPONSE in Opposition re 154 MOTION for Reconsideration re 151 Order on Motion for Summary Judgment, 152 Clerk's Judgment MOTION for Oral Argument filed by Northbrook Industries, Inc.. (Mobley, Cameron) (Entered: 12/05/2024) |
| 12/19/2024 | 163 | REPLY BRIEF re 154 MOTION for Reconsideration re 151 Order on Motion for Summary Judgment, 152 Clerk's Judgment MOTION for Oral Argument filed by A.G.. (Bouchard, David) (Entered: 12/19/2024) |
| 12/19/2024 | | Submission of 154 MOTION for Reconsideration/MOTION for Oral Argument to District Judge J. P. Boulee. (jkl) (Entered: 12/19/2024) |
| 02/13/2025 | 164 | SEALED ORDER regarding 116 Motion for Sanctions and 154 Motion for Reconsideration, 154 Motion for Oral Argument. Signed by Judge J. P. Boulee on 2/13/2025. (gww) (gww). (Entered: 02/14/2025) |
| 02/14/2025 | | Clerk's Certificate of Mailing as to attorneys of record for A.G. and attorneys of record for Northbrook Industries, Inc. re 164 Order on Motion for Sanctions, Order on Motion for Reconsideration, Order on Motion for Oral Argument. (gww) (Entered: 02/14/2025) |
| 03/07/2025 | 165 | NOTICE OF APPEAL as to 151 Order on Motion for Summary Judgment, 164 Order on Motion for Sanctions, Order on Motion for Reconsideration, Order on Motion for Oral Argument, 152 Clerk's Judgment by A.G.. Case Appealed to USCA – 11th Circuit. Filing fee $ 605, receipt number AGANDC–14127212. Transcript Order Form due on 3/21/2025 (Bouchard, David) (Entered: 03/07/2025) |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

A.G.,

      Plaintiff,

    v.

NORTHBROOK INDUSTRIES,
INC., d/b/a UNITED INN AND
SUITES,

      Defendant.

CIVIL ACTION NO.
1:20-cv-05231-JPB

## **ORDER**

Before the Court is a Motion for Summary Judgment ("Motion") filed by

Defendant Northbrook Industries, Inc. d/b/a United Inn and Suites ("United" or

the "Hotel"). ECF No. 118. Having reviewed and fully considered the papers

filed therewith, the Court finds as follows:

## I.    **BACKGROUND**[1]

Plaintiff A.G. ("Plaintiff") alleges that United is liable for damages she

suffered when she was trafficked for commercial sex at United's hotel. She

---

[1] The Court has evaluated the evidence presented by the parties in the light most
favorable to Plaintiff as the non-moving party, *see* Section II(A), *infra*, and the
facts set forth herein are deemed relevant and true for the limited purpose of
evaluating Defendants' motions for summary judgment.

asserts a tort claim for negligence and a beneficiary claim under the Trafficking Victims Protection Reauthorization Act ("TVPRA").

Plaintiff was trafficked by Zaccheus Obie ("Obie") at United's hotel in 2017 when she was 17 years old. She met Obie through his cousin and believed he would facilitate a job for her as a dancer at clubs. Plaintiff did not understand that she would be engaging in commercial sex acts. Obie transported Plaintiff and her friend from Commerce, Georgia to Atlanta.

On the night of June 22, 2017, Obie first took Plaintiff and her friend to a Red Roof Inn in Atlanta, where they performed commercial sex acts at his direction.

Obie subsequently took Plaintiff and her friend to the Hotel, where they were trafficked together from June 23 to June 26, 2017, under the watch of Obie and his associates, including Kikia Anderson ("Anderson") and Dontavis Carr ("Carr"). The property is an exterior access hotel, and guests and visitors can access the hotel rooms without going through the lobby.

Carr rented the room in which Plaintiff was trafficked. Obie collected Plaintiff's earnings every morning and went to United's front desk to pay for the room. Obie and his associates appeared familiar with the staff at the Hotel, and on one occasion, front desk personnel spoke with Obie and/or Carr by telephone

to confirm that Plaintiff and her friend could be given access to the room after they were accidentally locked out.

Plaintiff and her friend attracted clients for their commercial sex work at the Hotel by wearing provocative clothing and loitering in the Hotel's common areas. They purchased condoms, food, drinks and hygiene supplies from the front office.

During the few days she spent at the Hotel, Plaintiff was forced to perform commercial sex acts with approximately 15 men. Plaintiff's traffickers were armed, and they threatened her. She believed they were in a gang.

From 2012 to 2016, the DeKalb County Police Department visited the Hotel at least seven times in connection with commercial sex crimes. The property was known as a "problem hotel" for drugs and prostitution. United's manager claimed to be aware of between five and six instances of prostitution at the hotel during the relevant period. United called the police many times regarding unusual foot traffic in hotel rooms and spoke with the police regarding ways to reduce prostitution at the Hotel.

Commercial sex activity at the Hotel resulted in numerous violent incidents, including a shooting and physical altercations. United had one

3

security guard that patrolled the property from 10:00 PM to 2:00 AM each night. The police recommended that United hire additional security, but United did not.

The majority owner of United lived onsite most of the year and asked staff to watch for crimes, such as commercial sex activities. He would call the police when he suspected illicit activities, and he encouraged employees to do the same.

## II.    DISCUSSION

### A.    Legal Standard

"Summary judgment is appropriate when the record evidence, including depositions, sworn declarations, and other materials, shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1247 (11th Cir. 2013) (quoting Fed. R. Civ. P. 56) (quotation marks omitted). A material fact is any fact that "is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). A genuine dispute exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Ultimately, "[t]he basic issue before the court . . . is 'whether the evidence

presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Allen*, 121 F.3d at 646 (citation omitted).

The party moving for summary judgment bears the initial burden of showing that no genuine issue exists as to any material fact. *See id.* "[I]n deciding whether the movant has met this burden the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party." *Id.*

After the movant satisfies this initial burden, the nonmovant bears the burden of showing specific facts indicating summary judgment is improper because a material issue of fact does exist. *Id.* "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted). In the same vein, "'some metaphysical doubt as to the material facts'" is not sufficient to create a genuine dispute. *Garczynski v. Bradshaw*, 573 F.3d 1158, 1165 (11th Cir. 2009) (stating that "the non-moving party must produce substantial evidence in order to defeat a motion for summary judgment") (citation omitted).

In sum, if the record taken as a whole cannot lead "a rational trier of fact to find for the non-moving party, there is 'no genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

**B.     Analysis**

Count I of Plaintiff's Complaint asserts a beneficiary claim under the TVPRA. Count II of the Complaint asserts a claim for negligence. United seeks summary judgment as to both counts of the Complaint.

**1.     TVPRA Claim (Count I)**

The TVPRA is a criminal statute that provides a civil remedy to victims of sex trafficking. Under 18 U.S.C. § 1595(a), "[a]n individual who is a victim of a violation of [the criminal provisions of the TVPRA] may bring a civil action against the perpetrator (or whoever knowingly benefits, or attempts or conspires to benefit, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of [the] chapter)." The elements of a § 1595(a) beneficiary claim have been the source of much debate among the courts.

6

The Eleventh Circuit Court of Appeals first set forth a test for a § 1595(a)

beneficiary claim in *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714 (11th Cir.

2021).  It held that:

> to state a beneficiary claim under Section 1595(a), a plaintiff must
> plausibly allege that the defendant (1) knowingly benefited, (2) from
> taking part in a common undertaking or enterprise involving risk and
> potential profit, (3) that undertaking or enterprise violated the TVPRA
> as to the plaintiff, and (4) the defendant had constructive or actual
> knowledge that the undertaking or enterprise violated the TVPRA as
> to the plaintiff.

*Id*. at 726.  In developing this test, the court recognized that "[t]he district courts

[were] all over the map on the meaning of the[] terms" and that its definition of

the elements "depart[ed] from some courts and agree[d] with others."  *Id*. at 725.

The Court's analysis herein will focus on the participation element of the

test in light of the arguments advanced by the parties.  Thus, the Court will look

at whether United took part in a common enterprise relating to Plaintiff's

trafficking (prong two).

To that end, the Eleventh Circuit has stated that "to participate in a

venture under Section 1595(a), a defendant must take part in a common

undertaking involving risk or profit."  *Id*. at 727.  To "participate" means "to

take part in or *share with others in common* or in an association."  *Id*. (Emphasis

added).

7

In *Doe #1*, the court found that the plaintiff's allegations were not sufficient to show a common venture or the franchisor's participation in it where she claimed only that the hotel franchisor "investigated the individual hotels, took remedial action when revenue was down, read online reviews mentioning prostitution and crime occurring generally at the hotels, and controlled the training of managers and employees who were allegedly involved in facilitating sex trafficking at the hotels." *Id.* The court emphasized that "observing something [was] not the same as participating in it." *Id.* In short, the plaintiff was required to show that the defendant took some action in common with the traffickers or others at the hotel who violated the statute to further the object of the traffickers. *See id.*

The *Doe #1* court cited with approval the First Circuit Court of Appeals' opinion in *Ricchio v. McLean*, 853 F.3d 553 (1st Cir. 2017). As the *Doe #1* court explained, the *Ricchio* court found that the plaintiff had plausibly alleged that the hotel operators participated in a common venture with plaintiff's sex trafficker. *Id.* at 725-26. The trafficker had prior commercial dealings with the operators, which they agreed to reinstate, and the hotel operators were aware that the plaintiff was being used as a sex slave. *See K.H. v. Riti, Inc.*, No. 23-11682, 2024 WL 505063, at *3 (11th Cir. Feb. 9, 2024) (discussing the facts of *Ricchio*

8

in the context of the participation prong).  The operators also "nonchalantly" ignored the plaintiff's plea for help and her visibly battered and bruised condition, and they likely saw the trafficker kick and physically force the plaintiff back to the room when she tried to escape.  *Id.*  The *Doe #1* court concluded that those were the "kinds of allegations [that] would establish a hotel operator's participation in a venture with a sex trafficker."  21 F.4th at 726.

In *K.H.*, the Eleventh Circuit recently had another occasion to consider what facts are necessary to demonstrate participation in a common venture for the purposes of a § 1595(a) claim.  The plaintiff in that case alleged that the operator knew or should have known that sex trafficking was occurring at its hotel based on online reviews, police reports and other visible indicators.  *K.H.*, 2024 WL 505063, at *3.  The plaintiff contended that the operator nevertheless engaged in a business relationship with her trafficker, pursuant to which the operator rented rooms to and collected fees from the trafficker over a period of approximately four years.

In its opinion affirming the lower court's dismissal of the case, the *K.H.* court referred to its prior approval of *Ricchio* and reiterated that facts indicating prior commercial dealings between the hotel operators and the trafficker coupled with the operators' acquiescence in the plaintiff's specific predicament

9

supported the First Circuit's finding that the hotel operators in that case participated in a common venture with the plaintiff's trafficker.  *See K.H.*, 2024 WL 505063, at *3.[2]  The court reasoned that K.H.'s allegations, by contrast, "amount[ed] to contentions that [the hotel operator] financially benefitted from renting hotel rooms to [the] trafficker and that [the operator] observed signs of sex trafficking at the hotel."  *Id*. at *3-4.  The court repeated its view (previously articulated in *Doe #1*) that "allegations of financial benefit alone are not sufficient to establish that the defendant participated in a sex trafficking venture and observing signs of sex trafficking 'is not the same as participating in it.'"  *Id*. at 4 (citation omitted).

The Eleventh Circuit's conclusion in *K.H.* echoed the district court's opinion that to sufficiently allege a § 1595(a) beneficiary claim, the plaintiff had to allege that "[the hotel operator], the beneficiary, engaged in a common undertaking with . . . the trafficker."  *K.H. v. Riti, Inc.*, No. 1:22-CV-3404-MHC, 2023 WL 3644224, at *3 (N.D. Ga. Apr. 17, 2023).  The district court expressed that a description of common behaviors associated with sex trafficking, which the hotel's employees are alleged to have observed, was not sufficient to find

---

[2] *K.H.* is an unpublished, per curiam opinion.  However, it has persuasive value as it relates to the facts of this case.

that the hotel operator or its employees took part in a common venture with the trafficker regarding the plaintiff.  *See id*. at *4.

The common thread in the Eleventh Circuit's opinions is a requirement that the plaintiff (i) show at least some connection between the hotel operator's and the trafficker's actions (the *common* venture) and (ii) identify what actions the operator took to advance the object of the joint undertaking (*participation* in the common venture).  The district court in *Doe (S.M.A.) v. Salesforce, Inc.* described the Eleventh Circuit's formulation of the test as a "require[ment] that the alleged participant have an ongoing interest in the success of a specific venture and elect to further the ends of the venture beyond what would reasonably be expected in an ordinary commercial transaction."  No. 3:23-CV-0915-B, 2024 WL 1337370, at *13 (N.D. Tex. Mar. 28, 2024).

District courts in this Circuit have followed this mode of analysis. *Compare C.C. v. H.K. Grp. of Co.*, No. 1:21-CV-1345-TCB, 2022 WL 467813, at *4 (N.D. Ga. Feb. 9, 2022) (finding that the allegation that the defendants knew about and observed sex trafficking at their hotel was insufficient to establish the participation element of the TVPRA claim and dismissing the complaint because the plaintiff "fail[ed] to allege a common undertaking— between [the] [d]efendants and the alleged traffickers—involving risk and or

11

profit"); *A.D. v. Holistic Health Healing Inc.*, No. 2:22-CV-641-JES-NPM, 2023 WL 2242507, at *3 (M.D. Fla. Feb. 27, 2023) (dismissing the complaint where "no allegations [were] made that [the] defendant [provided lodging] with, or [in] association with, the traffickers for a common goal of sex trafficking or to profit from sex trafficking"); *with Does 1-4 v. Red Roof Inns, Inc.*, No. 1:21-CV-04278-WMR, 2023 WL 5444261, at *3 (N.D. Ga. Aug. 10, 2023) (deciding that a reasonable jury could find that the participation element was satisfied where, among other things, some employees played the role of lookout and notified traffickers when police were nearby or on the premises, and the hotel's management, upon receiving complaints of prostitution, instructed employees to book suspected sex workers in rooms located in the back of the hotel where they would be less visible to guests); *I.R. v. I Shri Khodiyar, LLC*, No. 1:22-CV-00844-SEG, 2024 WL 1928755, at *6–7 (N.D. Ga. Mar. 18, 2024) (concluding that "a reasonable jury could find that [the] [d]efendant did much more than just rent rooms to sex traffickers and observe signs of trafficking," where managerial employees took steps to facilitate trafficking at the hotel, including by visiting trafficking rooms while sex buyers were present to ask whether the buyers needed anything; permitting victims to solicit sex in the front desk area of the hotel; bartering with victims for sex and providing free lodging in exchange;

12

maintaining a relationship with traffickers; and failing to act when they saw the plaintiff chained to a bed and the trafficker's name scrawled on the wall in blood).[3]

Applying the reasoning of the foregoing cases here, the Court is not persuaded that the facts show that United participated in a common venture with Plaintiff's traffickers. As in the *K.H.* case, Plaintiff's allegations here boil down to a contention that United financially benefitted from renting rooms to Plaintiff's traffickers and that it had knowledge of and turned a blind eye to sex trafficking at the property.

However, the Eleventh Circuit expressed in *Doe #1* and confirmed in *K.H.* that United's observation of prostitution and sex trafficking at its property is not the same as United participating in it. Plaintiff must demonstrate that United acted pursuant to the common goal of the trafficking venture.

Yet, there is no evidence that United took steps *with* Plaintiff's traffickers to facilitate the traffickers' illicit activities. Instead, the record presented here shows that United took actions that would be expected to further the interest of a

---

[3] The *I.R.* case was decided after the Eleventh Circuit rendered its February 2024 opinion in *K.H.*, and, as the Court has done here, the district court in *I.R.* looked at whether the plaintiff had demonstrated that the defendants did "more" than rent rooms to traffickers and observe trafficking at their property.

hotel enterprise.  This included renting rooms, collecting payment for the rooms and providing additional towels to guests upon request.

It is not enough for the purposes of the participation prong that United knew or should have known that sex trafficking was occurring at its property. For participation liability to attach under § 1595(a), Plaintiff must show *more* than United's knowledge of the illicit activity and its rental of rooms to Plaintiff's traffickers.  For example, in the *Ricchio* case, which the Eleventh Circuit cited as demonstrating the requisite "more," the trafficker explicitly discussed an agreement to continue prior commercial dealings with the hotel operators, and the hotel operators ignored the abuse of the plaintiff, including the trafficker's violent restraint of the plaintiff when she tried to escape.  Likewise, in *I.R.*, the district court found *more* where the hotel's managers visited the trafficking rooms to assist sex buyers; solicited and bartered with victims for sex; and ignored the plaintiff being chained to a bed.

The Court's position is not that Plaintiff must show participation identical to the level in *Ricchio* or *I.R.* in order to clear the bar.  Rather, Plaintiff must show at least some connection between United's and her traffickers' actions, and she must show that United took steps to advance the object of that relationship. She has failed to do so.

14

Further, the Court disagrees that the volume of room rentals by Plaintiff's traffickers establishes the requisite common venture and participation in it.  Carr rented a room from United on February 1-3, 2017 (before Plaintiff was trafficked there); on June 23-26, 2017 (in connection with Plaintiff's trafficking); and on July 2-4, 2017 (unrelated to Plaintiff's trafficking). Anderson rented a room on July 20, 2017 (unrelated to Plaintiff's trafficking). That is a total of only eleven nights in three different months at a property that has numerous rooms for rent 365 nights a year.  The Court cannot say that those rentals indicate a special relationship or common venture between Plaintiff's traffickers and the Hotel.  In comparison, the trafficker in *K.H.* rented rooms at the same property over a four-year period, and the Eleventh Circuit did not equate that level of repeat business to participation in a common venture.[4]

_____

[4] The Court notes that some district courts have referred to a continuous business relationship as one way in which plaintiffs can "'connect the dots' between the plaintiff's experience as a victim of sex trafficking and the specific defendant in the lawsuit." *K.H.*, 2023 WL 3644224, at *3 (citation omitted).  *See also G.G. v. Salesforce.com, Inc.*, 76 F.4th 544, 559 (7th Cir. 2023) (stating that a plaintiff may sufficiently allege participation by showing "'a continuous business relationship'" between the participant and the trafficker (citation omitted)).  This test looks at whether the hotel operator continuously "rented rooms to people it knew or should have known were engaged in sex  trafficking." *K.H.*, 2023 WL 3644224, at *3.  However, the Eleventh Circuit has not adopted that reasoning. While a continuous business relationship could generally provide information relating to a defendant's participation in a common venture with traffickers, it is not the keystone of the Eleventh Circuit's participation test.

Additionally, the Court is not convinced that the participation prong can be viewed in isolation and disconnected from the other prongs of the test, as Plaintiff appears to propose. Citing *Doe #1*, Plaintiff argues that all she needs to show is that United took part in a common undertaking or enterprise involving risk and potential profit. The implications are that the venture need not involve the trafficker and that simply running a hotel business (*i.e.*, taking part in a commercial enterprise for profit) satisfies the participation prong.

But if that were true, the participation requirement would automatically be satisfied any time the defendant is a hotel operator or other commercial entity, irrespective of whether the entity had any involvement in the plaintiff's trafficking. That cannot be what the Eleventh Circuit intended. To the contrary, the Eleventh Circuit's opinions establish that the plaintiff must connect the dots between the defendant's and the trafficker's actions and show how the defendant participated in the venture with the traffickers.[5]

---

[5] Plaintiff should not construe the Court's previous order on United's Motion to Dismiss as finding that a plaintiff need show only that the defendant took part in an enterprise involving risk and potential profit. That order relied in part on the allegation (taken as true at that stage of the litigation) that United's employees acted as lookouts for Plaintiff's traffickers. At the summary judgment stage, Plaintiff must come forward with evidence and make a showing that the jury could reasonably find in her favor. However, Plaintiff has not presented evidence showing that United did *more* than rent hotel rooms to the traffickers with the knowledge that sex trafficking occurred at its hotel. For example,

16

Based on the foregoing analysis, the Court finds that Plaintiff has failed to satisfy the participation element of her beneficiary claim.[6]  Therefore, United's Motion as to Count I of the Complaint is **GRANTED**.

### 2.    Negligence Claim (Count II)

In a cause of action for negligence, the plaintiff must show that:  the defendant had a legal duty to conform to a particular standard of conduct; the defendant breached the standard; there is a legally attributable causal connection between the defendant's conduct and the resulting injury; and the plaintiff experienced some loss or damage from the alleged breach of the legal duty.  *See Freeman v. Eichholz*, 705 S.E.2d 919, 922 (Ga. Ct. App. 2011).   "The threshold issue . . . is whether and to what extent the defendant owes a legal duty to the plaintiff."  *McGarity v. Hart Elec. Membership Corp.*, 706 S.E.2d 676, 679 (Ga. Ct. App. 2011).

"The legal duty of care owed by a landowner to a person coming upon [a] property varies and is fixed according to the legal status of the person entering the premises."  *Freeman*, 705 S.E.2d at 922.  If the person is an invitee, a landowner owes the highest duty (the duty of ordinary care to keep the premises

---

Plaintiff has not presented evidence to support the allegation in the Complaint that United's employees served as lookouts for Plaintiff's traffickers.

[6] Given this finding, the Court need not address the other prongs of the test.

safe), but if the person is a licensee, the owner owes a lesser duty (to avoid causing willful or wanton injury).  *See id*.; *McGarity*, 706 S.E.2d at 679 (stating that "the owner or occupier of land has a duty to exercise ordinary care to keep the premises and approaches safe for an invitee, while the owner or occupier has a duty not to [willfully] or wantonly injure a licensee").  Therefore, the threshold question in this case is whether Plaintiff was an invitee or a licensee at the Hotel.

Under O.C.G.A. § 51-3-1, a person is an invitee "[w]here an owner or occupier of land, by express or implied invitation, induces or leads [the person] to come upon his premises for any lawful purpose."  On the other hand, a licensee "is one whose visit is 'merely for his own interests, convenience, or gratification.'"  *Freeman*, 705 S.E.2d at 923 (citing O.C.G.A. § 51–3–2(a)(3); *Behforouz v. Vakil*, 636 S.E.2d 674, 675 (Ga. Ct. App. 2006)).

To determine whether a visitor has invitee status, courts look at "whether the party coming onto the business premises had present business relations with the owner or occupier which would render his presence of mutual benefit to both, or whether his presence was for his own convenience, or was for business with one other than the owner or occupier."  *Freeman*, 705 S.E.2d at 923.  A visitor is deemed to be an invitee "if the enterprise is mutual, each lawfully

18

interested therein or there being a common interest or mutual advantage involved." *Candler Gen. Hosp., Inc. v. Purvis*, 181 S.E.2d 77, 79 (1971).

In *Davis v. Garden Services, Inc.*, the court ruled that a band player who was injured in the defendant's ballroom was an invitee of the hotel. 270 S.E.2d 228, 229 (Ga. Ct. App. 1980). The band player was a guest of an organization that had rented the ballroom for the purpose of hosting a party, and he entered the ballroom to provide services to the organization. *See id*. In this context, the court explained that the hotel owner and the band player had the necessary mutuality of interest. *See id*. The band player had an interest in providing musical services in the ballroom, and the hotel owner had a similar interest in the ballroom being used for the purpose for which it was rented. *See id*.

Similarly, in *Freeman*, the court found that the requisite mutuality of interest existed for an "authorized and properly admitted visitor[]" of a jail because she derived benefit from the opportunity to visit her friend, and the jail likewise derived benefit from the ability to use visitation rights to punish, reward and rehabilitate inmates. 705 S.E.2d at 923.

Finally, the court in *Anderson v. Cooper* found the requisite mutuality of interest where a nine-month-old child accompanied his father to a bakery. 104 S.E.2d 90, 94 (Ga. 1958). The court explained that the bakery received a benefit

19

from the child visiting the store because the bakery would have lost the opportunity to make a sale to the father had the bakery prevented the father from entering the bakery with the child to purchase his desired items. *See id.*

By contrast, the court in *Jones v. Asa G. Candler, Inc.*, found that a plaintiff who was injured while visiting a doctor's office was a licensee and not an invitee because there was no mutuality of interest. 97 S.E. 112, 112 (Ga. Ct. App. 1918). The plaintiff visited the doctor's office not to receive services from the doctor but for the purpose of soliciting a donation. *See id.* The court noted that "[i]t is well settled that to come under an implied invitation, as distinguished from a mere license, the visitor must come for a purpose connected with the business in which the occupant is engaged, or which he permits to be carried on there." *Id.* at 113.

In this case, Plaintiff attempts to show the requisite mutuality of benefit by arguing that she frequented United's lobby store to purchase condoms, food and other items. She also contends that those purchases constituted the lawful purpose of her visit. In her view, United induced her to come to the hotel by providing lodging and selling goods to her.

However, it is quite a stretch to argue that United invited or induced Plaintiff to visit its Hotel or that the purpose of Plaintiff's visit to United's

property was lawful.  Accepting that Plaintiff was coerced to stay at the Hotel does not change the reality that commercial sex was her purpose for being there. Plaintiff has not cited any authority and the Court is not aware of any support for the proposition that Plaintiff's patronage of the lobby store during her unlawful visit transformed that visit into one induced by United for a lawful purpose.

Indeed, the facts here are closer to those in *Jones*, where the court found that because the plaintiff visited the doctor's office for her own purpose—to solicit a donation—she could not claim invitee status.  In other words, Plaintiff has not demonstrated the mutuality of *lawful* interest or benefit between her and United that was present in cases like *Freeman* (the inmate's visitor and the prison had a shared interest in visitation rights for inmates), *Davis* (the hotel owner and the band player had a shared interest in the provision of musical services for the organization's party) and *Anderson* (the owner of the bakery and the customer had a shared interest in the bakery's goods).  The Hotel cannot be said to have a lawful interest in facilitating sex trafficking.

In that same vein, the subject matter of the alleged implied invitation was sex trafficking, which necessarily places Plaintiff outside the bounds of invitee status.  *See* O.C.G.A. § 51-3-1 (stating that an invitee comes upon the premises for a "lawful purpose"); *Freeman*, 705 S.E.2d at 922 (same).

For the reasons discussed above, the Court finds that Plaintiff was not an invitee of the Hotel and was merely a licensee. As such, United's duty was to avoid willful or wanton injury to Plaintiff. Since Plaintiff does not argue that United willfully or wantonly caused her injury, United is entitled to judgment as a matter of law on Plaintiff's negligence claim. United's Motion as to Count II of the Complaint is therefore **GRANTED**.

### III.    CONCLUSION

As set forth in this opinion, United's Motion as to both counts of the Complaint is **GRANTED**, and Plaintiff's Complaint is hereby **DISMISSED**. The Clerk is **DIRECTED** to terminate all pending motions, except for Plaintiff's Motion for Sanctions, ECF No. 116, related to United's admitted failure to satisfy its discovery obligations. The Court will issue a separate order scheduling a hearing on the Motion for Sanctions.

**SO ORDERED** this 14th day of June, 2024.

_____
**J. P. BOULEE**
United States District Judge

22

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

A.G.,

                    Plaintiff(s),

vs.

NORTHBROOK INDUSTRIES, INC.
doing business as United Inn and Suites,
                    Defendant(s).

CIVIL ACTION FILE

NO.   1:20-cv-05231-JPB

## J U D G M E N T

This action having come before the court, Honorable J. P. Boulee, United

States District Judge, for consideration of Defendant's Motion for Summary Judgment,

and the court having Granted said motion, it is

**Ordered and Adjudged** that the plaintiff take nothing; that the defendant recover

its costs of this action, and the action be, and the same hereby is, **dismissed**.

Dated at Atlanta, Georgia, this 14th day of June, 2024.

KEVIN P. WEIMER
CLERK OF COURT

By:   s/A. White_____
         Deputy Clerk

Prepared, Filed, and Entered
in the Clerk's Office
June 17, 2024
Kevin P. Weimer
Clerk of Court

By:   s/A. White_____
         Deputy Clerk

```
MIME-Version:1.0
From:ganddb_efile_notice@gand.uscourts.gov
To:CourtMail@localhost.localdomain
Bcc:
--Case Participants: Admir Allushi (adi.allushi@lewisbrisbois.com,
dana.stanley@lewisbrisbois.com, deborah.nation@lewisbrisbois.com), David Holmes Bouchard
(david@finchmccranie.com, mmillen@finchmccranie.com, toi@finchmccranie.com), Richard Wayne
Hendrix (mmillen@finchmccranie.com, narchambault@finchmccranie.com,
rhendrix@finchmccranie.com, sofia@finchmccranie.com, toi@finchmccranie.com), Gabe Knisely
(gabe@finchmccranie.com, mmillen@finchmccranie.com), Warren Carl Lietz, III
(carl@finchmccranie.com, mmillen@finchmccranie.com), Patrick J. McDonough
(pmcdonough@atclawfirm.com, tscarberry@atclawfirm.com), Cameron Alexander Mobley
(cameron.mobley@lewisbrisbois.com, deborah.nation@lewisbrisbois.com), Jonathan Tonge
(adigiorgio@atclawfirm.com, archive@recap.email, arivera@atclawfirm.com,
jtonge@atclawfirm.com, pmcdonough@atclawfirm.com, tscarberry@atclawfirm.com), Cecilia Ann
Walker (cecilia.walker@fmglaw.com), Rory Allen Weeks (archive@recap.email,
rweeks@atclawfirm.com), Judge J. P. Boulee (ganddb_efile_jpb@gand.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:14624314@gand.uscourts.gov
Subject:Activity in Case 1:20-cv-05231-JPB A.G. v. Northbrook Industries, Inc. Order on
Motion for Sanctions
Content–Type: text/html
```

## U.S. District Court

## Northern District of Georgia

## Notice of Electronic Filing

The following transaction was entered on 2/14/2025 at 1:25 PM EST and filed on 2/13/2025

**Case Name:**       A.G. v. Northbrook Industries, Inc.

**Case Number:**     1:20–cv–05231–JPB

**Filer:**

**WARNING: CASE CLOSED on 06/14/2024**

**Document Number:** 164(No document attached)

**Docket Text:**
**SEALED ORDER regarding [116] Motion for Sanctions and [154] Motion for Reconsideration, [154] Motion for Oral Argument. Signed by Judge J. P. Boulee on 2/13/2025. (gww)**

**1:20–cv–05231–JPB Notice has been electronically mailed to:**

Admir Allushi &nbsp &nbsp adi.allushi@lewisbrisbois.com, dana.stanley@lewisbrisbois.com,
Deborah.Nation@lewisbrisbois.com

Cameron Alexander Mobley &nbsp &nbsp Cameron.Mobley@lewisbrisbois.com,
deborah.nation@lewisbrisbois.com

Cecilia Ann Walker &nbsp &nbsp cecilia.walker@fmglaw.com

David Holmes Bouchard &nbsp &nbsp david@finchmccranie.com, mmillen@finchmccranie.com,

toi@finchmccranie.com

Gabe Knisely &nbsp &nbsp gabe@finchmccranie.com, mmillen@finchmccranie.com

Jonathan Tonge &nbsp &nbsp jtonge@atclawfirm.com, adigiorgio@atclawfirm.com, archive@recap.email, arivera@atclawfirm.com, pmcdonough@atclawfirm.com, tscarberry@atclawfirm.com

Patrick J. McDonough &nbsp &nbsp pmcdonough@atclawfirm.com, tscarberry@atclawfirm.com

Richard Wayne Hendrix &nbsp &nbsp rhendrix@finchmccranie.com, mmillen@finchmccranie.com, narchambault@finchmccranie.com, sofia@finchmccranie.com, toi@finchmccranie.com

Rory Allen Weeks &nbsp &nbsp rweeks@atclawfirm.com, archive@recap.email

Warren Carl Lietz , III &nbsp &nbsp carl@finchmccranie.com, mmillen@finchmccranie.com

**1:20–cv–05231–JPB Notice has been delivered by other means to:**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| A.G., | : |
| | : |
| **Plaintiff,** | : |
| | :     **CIVIL ACTION FILE** |
| vs. | : |
| | :     **NO. 1:20-cv-05231-JPB** |
| **NORTHBROOK INDUSTRIES,** | : |
| **INC., D/B/A UNITED INN AND** | : |
| **SUITES,** | : |
| | : |
| **Defendant.** | : |

## <u>NOTICE OF APPEAL</u>

COMES NOW, Plaintiff A.G., by and through undersigned counsel, and hereby files this Notice of Appeal to the United States Court of Appeals for the Eleventh Circuit regarding the final judgment entered in favor of Defendant on June 14, 2024 (Doc. 152), along with the order granting Defendant Northbrook Industries, Inc.'s Motion for Summary Judgment entered on June 14, 2024 (Doc. 151) and the order denying Plaintiff A.G.'s Motion for Reconsideration entered on February 13, 2025 (Doc. 164).

This 7th day of March, 2025.

*/s/ David H. Bouchard*
David H. Bouchard
david@finchmccranie.com
Georgia Bar No. 712859
Richard W. Hendrix
rhendrix@finchmccranie.com

Georgia Bar No. 346750
Gabriel E. Knisely
gabe@finchmccranie.com
Georgia Bar No. 367407

FINCH McCRANIE, LLP
229 Peachtree Street, NE
Suite 2500
Atlanta, Georgia 30303
(404) 658-9070 – Telephone
(404) 688-0649 – Facsimile

*/s/ Rory A. Weeks*
Patrick J. McDonough
pmcdonough@atclawfirm.com
Georgia Bar No. 489855
Jonathan S. Tonge
jtonge@atclawfirm.com
Georgia Bar No. 303999
Rory A. Weeks
rweeks@atclawfirm.com
Georgia Bar No. 113491

ANDERSON, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 – Telephone
(770) 822-9680 – Facsimile

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certify that Plaintiff, through her attorneys, has served a true and correct copy of the foregoing pleading into this District's ECF System, which will automatically forward a copy to counsel of record in this matter.

Dated: This 7th day of March, 2025.

*/s/ David H. Bouchard*
David H. Bouchard
david@finchmccranie.com
Georgia Bar No. 712859
Richard W. Hendrix
rhendrix@finchmccranie.com
Georgia Bar No. 346750
Gabriel E. Knisely
gabe@finchmccranie.com
Georgia Bar No. 367407

FINCH McCRANIE, LLP
229 Peachtree Street, NE
Suite 2500
Atlanta, Georgia 30303
(404) 658-9070 – Telephone
(404) 688-0649 – Facsimile

*Attorneys for Plaintiff*